**ENGINEERS ASSOCIATION OF ARMA,. LOCAL 418, INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL–CIO,. Plaintiff,**

v.

**AMERICAN BOSCH ARMA CORPORATION, ARMA DIVISION, Defendant.**

No. 63–C–203.

United States District Court
E. D. New York.

Aug. 10, 1964.

Vladeck & Elias, New York City, for plaintiff; Stephen C. Vladeck, New York City, of counsel.

Holtzmann, Wise & Shepard, New York City, for defendant

MISHLER, District Judge.

Motion by plaintiff for summary judgment.

This action was instituted by the plaintiff labor organization against the employer, pursuant to the authority granted by section 301(a) of the Taft-Hartley Act, 29 U.S.C. § 185[1] for declaratory judgment (28 U.S.C. § 2201 et seq.).

The claimed violation arises out of an arbitrator's award, favorable to plaintiff, interpreting Section 8.11(e) of the labor contract. Employees are classified in 27 different occupations for the purposes of layoffs and recall. Section 8.11 sets out the rules and procedures for layoffs and recalls from layoffs of these employees. Subsection (d) of section 8.11 gives Type "A" employees, consisting of senior engineers, senior designers, and the highest classification of technicians (Technician IV), the right in lieu of layoff, to " * * * displace a less senior employee in a lateral or lower grade * * *" provided he was able to perform the work of the employee displaced. Subsection (e) of section 8.11 gives the employer the right to retain and select, without regard to seniority

" * * * in each occupation, Type A employees with less than three (3) years seniority in an amount equal to 10% of the total number of type A employees in each occupation remaining after the layoff and/or transfer caused by layoff, but in no event less than one."

The employer interpreted the limited right to retain employees with less than three years seniority under subdivision (e) as a limitation of the right of employees with more than three years seniority to displace less senior employees as provided by subsection (d).

The arbitrator, finding for the plaintiff, directed as follows:

" * * * The Company shall adjust any loss of seniority rights sustained by employees * * * and make whole (subject to deduction of interim earnings, if any) said employees covered by Section 8.11(d) for any loss of pay sustained by reason of such violation."

Defendant asserts that it is attempting to comply with the arbitrator's direction. The right to retroactive pay of an employee who has been laid off would, in some instances, depend on whether he had the ability to perform the work of the employee retained. Furthermore, defendant had the right to know and determine the amount of monies earned by laid off employees who were entitled to retroactive pay. Data had to be assembled and analyzed to adjust the loss suffered by the various employees.

The gravamen of the complaint is the refusal by defendant to apply the interpretation of Sections 8.11(d) and 8.11(e) to layoffs under the arbitrator's award and to adjust the loss as directed. (paragraphs 12, 13 and 14) No proof is offered to support the claim with the exception of a letter from defendant to plaintiff advising that adjustments have been made in the retroactive pay of six

1. Section 301(a) provides in part:
   "Suits for violation of contracts between an employer and a labor organization representing employees in an industry * * * may be brought in any district court of the United States having jurisdiction of the parties * * *."

employees " * * * in accordance with the award of Arbitrator Martin Rose * * *." Plaintiff's complaint is that the letter is dated more than three months after the commencement of the action. In the Court's opinion, this does not show failure to comply.

Since compliance is in issue summary judgment must be denied. United Steel Workers of America v. Northwest Steel Rolling Mills, Inc., 1963, 9th Cir., 324 F. 2d 479, Cf. Fountainbleau Hotel Corp. v. Hotel Employees' Union Local 255, 1964, 5th Cir., 328 F.2d 310.

In referring to the issue of compliance, the Court does not assert its jurisdiction to determine related issues concerning the right of individual employees to retroactive pay or disputes arising out of the award concerning the computation of retroactive pay.

Settle order on two (2) days notice.