J. Evert WILLIAMS, aka J. Everett Williams, and Virginia C. Williams, Petitioners,

v.

Honorable Robert E. MAXWELL, Judge for the Northern District of West Virginia, Henry K. Higginbotham, Special Master, acting in the matter styled "J. C. Trembly, in his own right and as Administrator of the Estate of Anna B. Trembly, Deceased, parties plaintiff v. J. Evert Williams, et al" in Civil Action No. 605–E, Respondents.

No. 12228.

United States Court of Appeals Fourth Circuit.

Submitted May 17, 1968.

Decided May 27, 1968.

---

1. U.S.Const. Art. 4, § 2.

2. 18 U.S.C.A, § 3182.

Brooks E. Smith, Kingwood, W. Va., Dailey, Halbritter & Smith, Kingwood, W. Va., for petitioners.

Charles V. Wehner, Kingwood, W. Va., and George W. May, Fairmont, W. Va., for respondents.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BUTZNER, Circuit Judges.

PER CURIAM:

J. Evert Williams, invoking the original jurisdiction of this court, complains that Robert E. Maxwell, United States District Judge for the Northern District of West Virginia, and Henry K. Higginbotham, Special Master, misconstrued an order of reference, and that the master acted beyond the scope of his authority. He seeks a writ of mandamus requiring the district judge to vacate the order of reference, the preliminary report, the order of the court adopting the preliminary report and an order making further reference to the master. He also seeks an order requiring the district judge to permit him to present additional evidence and to grant a trial by jury "or to give the trial judge the opportunity to disqualify himself on the basis of his prejudicial and erroneous rulings in the proceedings thus far." He also seeks to prohibit the master from taking further action on the order of reference.

Issues arising out of a master's report and procedures followed by the master and the district court are cognizable on appeal. United States v. Cline, 388 F.2d 294 (4th Cir., Jan. 8, 1968). The orders of the district court approving the preliminary report of the master and referring the case for findings on other issues do not contain the certificate required by 28 U.S.C. § 1292 (b) to facilitate an interlocutory appeal or the direction for the entry of a final judgment prescribed by Fed.R.Civ.P. 54 (b). Under these circumstances the alleged errors are not reviewable by this court at this stage of the proceedings. The extraordinary writs sought by the petitioner were not designed to perform the office of an interlocutory appeal. Will v. United States, 389 U.S. 90, 104, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967). The petition is dismissed.

Dismissed.