**TEAMSTERS LOCAL UNIONS 745, 47, 886, 523, 270, 5, 568, 667, and 891, Plaintiffs-Appellees,**

v.

**BRASWELL MOTOR FREIGHT LINES, INC., Defendant-Appellant.**

**No. 28926.**

United States Court of Appeals, Fifth Circuit.

June 30, 1970.

Rehearing Denied and Rehearing En Banc Denied Sept. 3, 1970.

Allen P. Schoolfield, Jr., Dallas, Tex., W. A. Thurmond, Scott, Hulse, Marshall & Feuille, El Paso, Tex., and Hugh M. Smith, Schoolfield & Smith, Dallas, Tex., for defendant-appellant.

L. N. D. Wells, Jr., Mullinax, Wells, Mauzy & Collins, Dallas, Tex., for plaintiffs-appellees.

Before PHILLIPS *, BELL, and SIMPSON, Circuit Judges.

BELL, Circuit Judge:

The suit which underlies this appeal was brought by nine Teamsters local unions under § 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185, seeking enforcement of an arbitration award, injunctive relief and damages. The facts concerning the agreements and circumstances leading to the suit are fully discussed in the opinion of this court in an earlier appeal of the case. Teamsters Local Unions v. Braswell Motor Freight Lines, 5 Cir., 1968, 392 F.2d 1, modified on petition for rehearing, 395 F.2d 655. See also, Local Freight Drivers, Local No. 208; Line Drivers, Local No. 224, etc. v. Braswell Motor Freight Lines, Inc., 9 Cir., 1970, 422 F.2d 109. Braswell acquired another freight line by merger and the question presented to the arbitrators was whether the National Master Freight Agreement in force between Braswell and teamsters locals in another territory of Braswell was to be applied to include the locals representing employees in the territory of the merged freight line. The arbitral body answered in the affirmative.

On the previous appeal, we reversed the summary judgment entered in the district court for Braswell, and also concluded that the plaintiff unions were entitled to the arbitral award that they were parties to the National Agreement. We then remanded to the district court for "further proceedings as to the scope and quantum of relief to which the unions may be entitled, and defenses, if any, that Braswell may have." 395 F.2d at 656.

On remand, further evidence was presented and the district court entered an order striking Braswell's defenses and granted summary judgment as to liability in favor of the union. The arbitration award [1] was enforced, and since the agreement was found to be still in effect, a permanent injunction was issued requiring compliance with the agreement

---

* Of the Tenth Circuit, sitting by designation.

1. "Articles I, II and III of the National Master Freight Agreement as applied in this case require that Braswell Motor Freight Lines apply the National Master Freight, Road, and Local Cartage Agreements and supplements thereto to the operation formerly known as Braswell Freight Lines Corporation and now merged into Braswell Motor Freight Lines Corporation."

until its expiration date—March 31, 1970.[2] The issues of damages were submitted to a master under Rule 53, F.R. Civ.P. and are as yet undetermined.

Braswell appeals from the district court's decision, contending that the district court erred in striking its defenses and in granting summary judgment as to liability; by extending the agreement until March 31, 1970; and finally by referring the issue of damages to a master. For the reasons stated below, we affirm as to the striking of defenses and summary judgment on liability, and reverse as to the extension of the agreement until March 31, 1970. We do not reach the question involving the propriety of referring damages to a master because that portion of the district court's order is an interlocutory non-final order and is non-appealable under 28 U.S.C.A. § 1292.[3]

As this court has said before, summary judgment is proper in a suit for enforcement of an arbitration award where no material issues of fact are presented. Fontainebleau Hotel Corp. v. Hotel Employees' Union, Local 255, 5 Cir., 1964, 328 F.2d 310, 311. Also, it is clear that a court may not weigh the merits of the questions which are before the arbitrator. Humphrey v. Moore, 1964, 375 U.S. 335, 84 S.Ct. 363, 11 L. Ed.2d 370; Oil, Chemical and Atomic Wkrs. Int. U. v. Southern Union Gas Co., 5 Cir., 1967, 379 F.2d 774, 776; International Bro. of Pulp, Sulphite and Paper Mill Workers Local Union No. 874 v. St. Regis Paper Co., 5 Cir., 1966, 362 F.2d 711, 714; and Local U. No. 787, Inter. U. of E., R. and M. Wkrs. v. Collins Radio Co., 5 Cir., 1963, 317 F.2d 214. Thus the only fact issues which are relevant in determining the validity of this summary judgment are those in-

volving the existence and terms of the contract providing for final and binding arbitration, whether the instant dispute falls under the arbitration clause of the contract, and the existence of an award resulting from arbitration. These issues were decided adversely to Braswell on the prior appeal of this case. It followed that summary judgment was proper, and it was in this posture that we remanded the case to the district court for a determination as to whether there existed any defenses not already decided; and if not, then the scope and quantum of relief to be granted.

The defenses raised by Braswell on remand were properly rejected. The only defense raised which was not previously decided by this court, was the question of waiver or estoppel. Braswell contends that by bargaining as to conditions of employment, the union waived its rights under the agreement or was estopped from asserting such rights. We agree with the district court's conclusion that as a matter of law there was no waiver or estoppel. Not only was such bargaining contemplated by the agreement, but it would denigrate the arbitration process to penalize the union because it tried to settle the dispute by bargaining while at the same time seeking to have the arbitration award enforced. This view is in accord with the national labor policy favoring arbitration as the means of final adjustment of labor disputes. See, for example, Boys Markets, Inc. v. Retail Clerk's Union, Local 770, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970).

In sum, the district court did not err in striking the defenses asserted, and in granting summary judgment for the unions as to the liability of Braswell under the agreement and applicable sup-

---

2. The permanent injunction was stayed in this court on the condition that if it be finally determined that the agreement was in full force and effect through March 31, 1970, Braswell would place the agreement in effect and specifically perform it for a period of 144 days (computed as the period from the district court's order, November 8, 1969, to the expiration date, March 31, 1970).

3. The summary judgment and extension of the agreement are appealable because those portions of the district court's order are inseparable from the granting of the permanent injunction which is clearly appealable under 28 U.S.C.A. § 1292(a) (1). It is not necessary that we reach the question of referral to a master in reviewing the issuance of this injunction.

plements pursuant to the arbitration award. See Fn. 1, supra.

The only remaining question to be resolved involves the termination date of the agreement. The agreement, Article 37, § 1, provides that "This Agreement shall be in full force and effect from February 1, 1964 to and including March 31, 1967, and shall continue from year to year thereafter unless written notice of desire to cancel or terminate the agreement is served by either party upon the other at least sixty (60) days prior to date of expiration." The district court concluded that no such notice was given until April 23, 1969 and thus the agreement was found to be effective until March 31, 1970.

It is true that no prior notice was sent which recited the provisions of the agreement providing for termination. However, it is argued that the unions knew that Braswell did not desire to continue the agreement with these locals. It has been Braswell's contention from the beginning that no such agreement existed with the plaintiff locals. Braswell contends that its original answer and other written documents filed during the course of this litigation consistently showed that it "desired to cancel or terminate the agreement" and was sufficient notice for such purpose under Article 37, § 1 of the agreement.

In our view it does not necessarily follow that a denial of the existence of the agreement is the same as cancelling an existing agreement. There was no cancellation until April 23, 1969 and then Braswell had no trouble in giving notice of cancellation while, at the same time, preserving its position that the agreement did not exist. If the agreement did not exist, then negotiations would ensue ab initio. It might be quite another matter to cancel an agreement with the result of leaving some employees under and others not under contractual terms of employment. The district court did not err in holding that there was no cancellation of the agreement prior to April 23, 1969.

The district court did err, however, in concluding that the cancellation of April 23, 1969 was not subject to the provision of the National Agreement having to do with the inadvertent failure to give notice of cancellation. In Article 37, § 4, it is provided:

"In the event of an inadvertent failure by either party to give the notice set forth in Sections 1 and 2 of this Article, such party may give such notice at any time prior to the termination or automatic renewal date of this Agreement. If a notice is given in accordance with the provisions of this Section, the expiration date of this Agreement shall be the sixty-first (61st) day following such notice."

In the event this provision of the agreement is applicable, the agreement would be terminated on the 61st day following April 23, 1969 rather than March 31, 1970 as was held by the district court. The court held as a matter of law that the "inadvertent failure" provision was not applicable. We do not agree. There is no definition of "inadvertent failure" in the agreement but the situation here was that the dispute between the parties began shortly after the merger in July 1964. The award of the arbitrators was entered on November 5, 1964. Braswell refused to abide the award of the arbitrators and the suit for enforcement followed. The district court then granted summary judgment for Braswell on July 7, 1966. We reversed in an opinion dated March 25, 1968, modified June 28, 1968. The matter was remanded to the district court for further proceedings. According to the brief filed on behalf of the unions, counsel for the union stated to counsel for Braswell on April 4, 1969 that the unions regarded the National Agreement and applicable supplements as having been automatically renewed pursuant to Article 37 because Braswell had not cancelled the agreements in the form required by Article 37. Braswell thereafter promptly cancelled the agreements. We hold that these facts, taken together, establish an "inadvertent failure" to give notice and that Braswell is entitled to the benefit of Article 37, § 4, supra.

This holding as to cancellation obviates the need to consider the further question

regarding the propriety of injunctive relief since injunctive relief will not now be indicated. All other assignments of error on behalf of Braswell have been considered and are without merit.

Affirmed in part; reversed in part; remanded for further proceedings not inconsistent herewith.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

### PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.