Petition of the TRUSTEES OF the JOINT WELFARE FUND OF the INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNIONS 14, 14B, 15, 15A, 15C, 15D, AFL–CIO and the Trustees of the Joint Pension Fund of the International Union of Operating Engineers Local Unions 14, 14B, 15, 15A, 15C, 15D, AFL–CIO for the Appointment of a Special Master Pursuant to Title 29, U.S.C., Section 186(c)(5).

TRUSTEES OF the JOINT PENSION FUND INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNIONS 14, 14B, 15, 15A, 15C AND 15D, AFL–CIO, other than Trustee Thomas Nolan, representing Local Unions 14, 14B, I. U. O. E., Appellants,

v.

Thomas J. NOLAN, as Trustee, representing Local Unions 14, 14B, International Union of Operating Engineers, AFL–CIO, Appellee.

No. 428, Docket 76–7307.

United States Court of Appeals, Second Circuit.

Argued Jan. 21, 1977.

Decided Feb. 14, 1977.

William J. Corcoran, New York City (Corcoran & Brady, New York City, on the brief), for appellants.

Robert A. Kennedy, New York City (Doran, Colleran, O'Hara, Pollio & Dunn, P. C., Garden City, N. Y., Richard L. O'Hara and Robert J. Aurigema, Garden City, N. Y., on the brief), for appellee.

Before LUMBARD and FEINBERG, Circuit Judges, and MISHLER, District Judge.*

PER CURIAM:

The trustees of the Joint Pension Fund of the International Union of Operating Engineers, other than trustee Nolan, appeal from an order of the Southern District which denied a motion to modify its prior order which directed the appointment of a special master to divide the Joint Pension Fund of two union locals according to the termination provision of the Joint Pension Fund Plan. We conclude that the order denying modification is not "final" within the meaning of 28 U.S.C. § 1291 and accordingly dismiss for lack of jurisdiction.

Local 14 and Local 15 are two separate and independent arms of the International Union of Operating Engineers.[1] Both operate in New York City but each has jurisdiction over different job classifications. With the passage of the New York State Disability Benefits Law, which authorized the establishment of welfare funds to administer disability claims, the two locals decided to

---

* Chief Judge, Eastern District of New York, sitting by designation.

1. References to Local 14 include its branch, Local 14B, and references to Local 15 include its branches, Local 15A, 15C, and 15D.

pool their assets and, on July 1, 1950, established the Joint Welfare Fund. On January 1, 1956, the Joint Pension Fund was instituted.

Thomas J. Nolan, the appellee herein, is the trustee who represents Local 14 on the boards of the two funds. In the spring of 1974 disputes arose between Nolan and the appellants, who are all the other trustees on the boards, over the administration of the funds. The bickering culminated in a June 11, 1974 special meeting of the Joint Welfare Fund and Joint Pension Fund at which a resolution was unanimously passed providing for the discontinuance of the joint status of the two funds and a division of the assets between the two locals. The resolution further provided that the allocation of the funds between the locals was to be made in accordance with preexisting procedures designed to effectuate a complete termination of a fund. In the case of the pension fund, that provision is contained in section 10 of the Joint Pension Plan.[2]

On July 3, 1974 a petition was filed in the district court requesting designation of a special master pursuant to Rule 53(b), Fed. R.Civ.P., to divide the funds into four separate trusts. Jurisdiction was premised upon section 302(c) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5) which mandates the selection of an impartial umpire in the case of an unresolvable disagreement among trustees of a benefit fund, and provides that in the event the trustees are unable to agree upon an umpire, they may petition the district court for resolution of the dispute.

Trustee Nolan filed a motion to dismiss the petition on December 18, 1975. Although he had voted for the division of the funds, Nolan argued that the petition should be denied because there was not in fact a deadlock as to the appointment of an umpire under section 302(c)(5). Alternatively, he claimed that various provisions of

the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq., ousted the district court of jurisdiction. Judge Ward denied the motion to dismiss, noting that at a November 1, 1974 pre-trial conference he had instructed the trustees to attempt to agree upon an individual to supervise the division but that no progress had been made. The district court further held that if ERISA applied at all, it was by reason of section 208 which governs transfer of assets to another plan. Although section 208 was not yet in effect, Judge Ward concluded that, in any event, nothing therein prevented the appointment of a special master.

Pursuant to Judge Ward's direction, the parties submitted proposed orders. On May 21, 1975, Judge Ward signed the appellee's order which provided that the special master should equitably divide the funds, in accordance with section 10 of the Joint Pension Fund Plan.

On October 8, 1975 appellants moved before the special master pursuant to Rule 61, Fed.R.Civ.P., to modify the May 21, 1975 order insofar as it directed that the division be made in accordance with section 10. It was their belief that reliance upon section 10 would result in an inequitable allocation of the corpus. The special master, William J. Moore, heard arguments, reviewed four alternate proposals, and, in a report filed May 23, 1976, recommended denial of the motion to modify. This appeal is taken from the district court's order which adopted the report and denied the motion. The underlying grant of the petition and denial of the motion to dismiss are not raised on appeal.

The claimed basis for jurisdiction over this appeal is that the denial of the motion to modify is a "final decision" within the meaning of 28 U.S.C. § 1291. Appellants rely in part on the collateral doctrine rule

2. Under section 10 the corpus would be allocated in the following manner: first, the actuarial cost of the pension to each individual presently receiving a pension would be computed; second, the actuarial cost of the pension of each individual presently eligible to retire, but

who has not elected to do so, would be computed; and, third, other participants would be allocated a portion of the reserve according to the number of pension credits they have earned. The parties agree that the first two categories will exhaust the full amount of the corpus.

enunciated in *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Under the *Cohen* rule, to be appealable the order must decide issues which are "separable from, and collateral to" the rights asserted in the underlying action and issues must be of such a nature that they cannot be effectively reviewed at the time of final judgment. 337 U.S. at 546, 69 S.Ct. 1221. In addition, either the appeal must present a "serious and unsettled question," 337 U.S. at 547, 69 S.Ct. 1221, or the order appealed from must have the practical effect of terminating the action, *Roberts v. United States District Court*, 339 U.S. 844, 845, 70 S.Ct. 954, 94 L.Ed. 1326 (1950).

The *Cohen* rule does not provide an avenue of review in this case. The order sought to be reviewed is only a step towards the ultimate relief sought; namely, a division of the two joint funds. It is in no sense collateral. Furthermore, the appeal has not raised any unsettled issues of law; it merely seeks review of the district court's assessment of the equities in employing section 10. This decision may be reviewed after entry of final judgment. Finally, there is no danger that the order will result in a premature termination of the action since a sum in excess of $38 million remains to be apportioned after the special master has made findings of fact as to actuarial cost of the pensions currently being paid as well as the pensions that will be paid in the future to persons who are presently eligible to retire but have not chosen to do so.[3] The record also indicates that action is still to be taken by the special master with regard to the Joint Welfare Fund.[4]

We note further that the district court was never requested by the parties to certify the question of denial of the modification to this court under 28 U.S.C. § 1292(b), a procedure designed for review of interlocutory orders when the district court believes that early review will expedite litigation.

Appeal dismissed.

**3.** *See* note 2 *supra.*

**4.** The parties' have represented to this court that they may be close to settling this issue.