SOCIALIST WORKERS 1974 NATIONAL CAMPAIGN COMMITTEE et al.

v.

Honorable W. Pat JENNINGS, Clerk, United States House of Representatives, Office of the Secretary, Capitol Hill, et al.

Appeal of FEDERAL ELECTION COMMISSION.

No. 77–1490.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 6, 1977.

Decided Dec. 13, 1977.

Charles N. Steele, Assoc. Gen. Counsel, Federal Election Commission, Washington, D. C., with whom William C. Oldaker, Gen. Counsel, Federal Election Commission, Washington, D. C., was on the brief, for appellant.

Joel M. Gora, New York City, for appellees.

Before WRIGHT, McGOWAN, and WILKEY, Circuit Judges.

Opinion for the court *per curiam.*

PER CURIAM:

In September 1974 the Socialist Workers Party (SWP) sued certain federal officials (later succeeded by the Federal Election Commission (FEC))[1] to obtain anticipatory judicial relief against being prosecuted criminally and civilly under the Federal Election Campaign Act of 1971, in violation of its First Amendment freedoms, for not disclosing contributors' names and other in-

---

[1] The SWP originally sued the Clerk of the U. S. House of Representatives, the Secretary of the U. S. Senate, and the Comptroller General, who were the "supervisory officers" for disclosure requirements under the Federal Election Campaign Act (hereinafter FECA) of 1971, Pub.L. No. 92–225, 86 Stat. 3. During the pendency of the suit, the FECA of 1971 was substantially amended by the FECA Amendments of 1974, Pub.L. No. 93–443, 88 Stat. 1263, and the FECA Amendments of 1976, Pub.L. No. 94–283, 90 Stat. 475. As amended, the Act made provision for civil prosecutions by the newly-created Federal Election Commis-
sion, FECA Amendments of 1976, § 109, 2 U.S.C. § 437g (Supp. 1976), and for criminal prosecutions by the Attorney General, FECA Amendments of 1976, § 112(2), 2 U.S.C. § 441j (Supp. 1976). Accordingly, in July 1976 plaintiffs amended their complaint to add the Federal Election Commission and the Attorney General as defendants. The Attorney General declared that he would not institute criminal actions during the pendency of this action and therefore, by order of January 17, 1977, the District Court granted the Attorney General's motion for dismissal as to him.

formation.[2] As an *ad hoc* method of fact-finding devised for this case, the District Court on January 17, 1977 ordered the FEC to compile a "factual record" concerning harassment of the SWP. On motion by the SWP the court stated in an "order of clarification" on April 19, 1977 that "in complying with" its January 17th order the FEC was not to use the procedures and determinations of 2 U.S.C. § 437g.[3] The FEC seeks to appeal the order of April 19th, contending that it is a preliminary injunction. Simultaneously, the FEC has prepared the required factual record using other procedures.

In the context of this particular suit, with its special circumstances and procedures, it is clear that the order of April 19, 1977 is not a preliminary injunction, and that this court has no jurisdiction to review it. The District Court obviously was aware of the necessity in appropriate cases to provide anticipatory judicial relief against prosecutions threatening sensitive First Amendment freedoms.[4] The District Court's order of January 17th was in the nature of an instruction to a master to prepare a record and findings, which order is not appealable. *Teamsters Local Unions 745 v. Braswell Motor Freight Lines, Inc.*, 428 F.2d 1371, 1373 (5th Cir. 1970), *cert. denied*, 401 U.S. 937, 91 S.Ct. 926, 28 L.Ed.2d 217 (1971). We fail to see how a second order, clarifying which procedures the FEC should use, or not use, in complying with the order to prepare a record, could be any more of an appealable injunctive restraint than the first order.

Accordingly, we hold that this appeal be, and the same hereby is,

*Dismissed.*[5]

---

2. *See Shelton v. Tucker*, 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed.2d 231 (1960); *NAACP v. Alabama*, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958); *Pollard v. Roberts*, 283 F.Supp. 248 (E.D.Ark.), *aff'd per curiam*, 393 U.S. 14, 89 S.Ct. 47, 21 L.Ed.2d 14 (1968).

3. *See* note 1 *supra.*

4. *Buckley v. Valeo*, 171 U.S.App.D.C. 172, 219–220, 519 F.2d 821, 868 (1975), *aff'd on these grounds*, 424 U.S. 1, 71 & n.87, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976); *Wooley v. Maynard*, 430 U.S. 705, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977); *Steffel v. Thompson*, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) (declaratory relief); *Civil Service Com'n v. National Ass'n of Letter Carriers*, 413 U.S. 548, 564, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973); *Bradley v. Saxbe*, 388 F.Supp. 53, 55–56 (D.D.C.1974).

5. Under the FECA as amended, the FEC has broad powers to make rules, render advisory opinions, and enter into conciliation agreements barring civil and limiting criminal prosecution. FECA Amendments of 1974, § 208(a)(8), 2 U.S.C. § 437d(a)(8) (Supp. 1976); FECA Amendments of 1976, §§ 108(a), 109, 2 U.S.C. §§ 437f, g (Supp.1976). *See Buckley v. Valeo*, 424 U.S. 1, 140, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976). The FEC informed the District Court that it had the power to promulgate rules creating procedures by which parties could obtain exemptions, Appellee's Appendix at 29–30. Thus, perhaps before this litigation is over, the FEC may voluntarily or by judicial order provide exemption procedures which would eliminate the need for the court to decide some or all of the issues in this and similar cases. *See Doe v. Martin*, 404 F.Supp. 753 (D.D.C.1975).