**Jerald Dennis KEARNS,
Plaintiff-Appellant,**

v.

**Duane SHILLINGER; Patricia Burroughs; A.K. Kirsch,
Defendants-Appellees.**

No. 87–1296.

United States Court of Appeals,
Tenth Circuit.

July 20, 1987.

Jerald Dennis Kearns, pro se.

Bruce A. Salzburg of Freudenthal, Salzburg, Bonds & Rideout, P.C., Cheyenne, Wyo., for defendants-appellees.

Before LOGAN and TACHA, Circuit Judges, and O'CONNOR, District Judge.[*]

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8(c) and 27.1.-2. The cause is therefore ordered submitted without oral argument.

[*] The Honorable Earl E. O'Connor, Chief Judge, United States District Court for the District of

This is an appeal from an order of the United States District Court for the District of Wyoming denying plaintiff's motion for appointment of a special master.

The issue on appeal is whether the district court's order is final such that this court has jurisdiction to consider this appeal.

■ The grant of appellate jurisdiction is limited to appeals from final decisions of district courts. 28 U.S.C. § 1291; *Century Laminating, Ltd. v. Montgomery,* 595 F.2d 563, 565 (10th Cir.), *cert. dismissed,* 444 U.S. 987, 100 S.Ct. 516, 62 L.Ed.2d 417 (1979). A judgment is final and appealable when a district court enters a decision which ends the litigation, leaving nothing to be done but execution of the judgment. *Lamp v. Andrus,* 657 F.2d 1167, 1168 (10th Cir.1981). To be final, the judgment must fully inform the losing party of the extent of the remedy afforded against him. *Id.* at 1168–69.

■ Exception to the final decision rule is permitted for cases which finally determine rights separable from and collateral to rights asserted in the action, which are too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). Also, 28 U.S.C. § 1292(b) permits a district court judge to certify certain orders for appeal, and the court of appeals in its discretion may permit appeal.

■ The district court's order denying plaintiff's motion for appointment of a special master is not a final, appealable order. *Cf. Petition of Trustees of Joint Welfare Fund of Int'l Union of Operating Eng'rs, Local Unions 14, 14B, 15, 15A, 15C, 15D,* 549 F.2d 871 (2d Cir.1977) (district court order denying motion to modify prior order which had directed appointment of a special master to divide joint pension fund was not a final, appealable order); *Williams v.*

Kansas, sitting by designation.

*Maxwell,* 396 F.2d 143 (4th Cir.1968) (orders of district court approving preliminary report of master and referring case for findings on other issues do not contain certification required by 28 U.S.C. § 1292(b) to facilitate an interlocutory appeal); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2615 (1971) (an order of reference to a master is interlocutory and not appealable). The order neither falls within the established guidelines for exception to the final judgment rule nor was certified pursuant to § 1292(b).

We conclude that we do not have jurisdiction to consider this appeal. The appeal is DISMISSED for lack of jurisdiction.

The mandate shall issue forthwith.