FILED
United States Court of Appeals
Tenth Circuit

March 22, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GEORGE LOPEZ,

      Plaintiff-Appellant,

v.

ADMINISTRATIVE OFFICE OF THE
COURTS, a judicial branch of the
State of Utah; KATHY ELTON,
an individual; JOHN DOES 1-10,
individuals,

      Defendants-Appellees.

No. 10-4137
(D.C. No. 2:07-CV-00571-TC-PMW)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES** and **McKAY**, Circuit Judges, **PORFILIO**, Senior
Circuit Judge.

---

George Lopez, appearing pro se as he did in the district court, appeals from

the court's order granting the defendants' motion to withdraw the case from

mediation and denying his motion to appoint an alternative dispute resolution

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

judge to investigate alleged mediation misconduct.  Because this is not a final order under 28 U.S.C. § 1291, and no recognized exception to the final order rule is applicable, we dismiss the appeal for lack of jurisdiction.

According to Mr. Lopez's complaint, he applied for and was accepted as a mediator in the State of Utah's "Co-Parenting Program," R., Vol. 1 at 11, which is designed to assist parents who are getting divorced.  During the course of his mediating duties, a parent accused him of certain ethical violations.  As a result of this complaint, he was removed from the mediation roster by the program's then director, Kathy Elton.  When his attempts at reinstatement failed, Mr. Lopez sued in federal court for the alleged violation of his constitutional rights under 42 U.S.C. § 1983 and breach of contract.

Utah's federal district court has established an alternative dispute resolution program, which affords civil litigants (with some exceptions) the opportunity to have their cases referred for arbitration or mediation.  Alternative dispute resolution is not mandatory.  DUCivR 16-2.  The magistrate judge assigned to Mr. Lopez's case granted his motion to refer the case to mediation, noting that "[f]urther proceedings . . . will be governed by . . . DUCivR 16-2," and "[i]f this case returns to the litigation track at a later date, and a new scheduling order is required, either party may request a scheduling order or a scheduling conference by way of an appropriate motion."  R., Vol. 1 at 104.

Following the parties' selection of a mediator and obtaining of a date for the mediation, they were instructed to send their pre-conference statements to the mediator five business days before the conference. When Mr. Lopez failed to timely file his statement, the mediator contacted the alternative dispute resolution office to ask whether the conference was going forward. That same day, the defendants contacted the mediator and canceled the conference. In turn, the office notified Mr. Lopez that the mediation was canceled: "Mr. Lopez was told that he had failed to file a mediation statement as directed in the Notice." *Id*. at 142. He was told "no rescheduling was in sight, but [the office] would be in touch with him if all parties agreed to go forward." *Id*.

After three months passed without any activity, the defendants contacted Mr. Lopez to obtain a new scheduling order. Mr. Lopez responded by asking if mediation was still an option. When the defendants told him that they were no longer interested, Mr. Lopez filed a motion with the district court to order the defendants to show cause why they should not be required to mediate. He also asked the court to investigate whether the director of the alternative dispute resolution program, the mediator, and the defendants had collaborated to derail the mediation. For their part, the defendants filed a motion to withdraw the case from mediation.

In a memorandum decision and order, the magistrate judge denied Mr. Lopez's request to issue a show cause order, and granted the defendants'

motion to withdraw the case from mediation. The magistrate judge also denied

Mr. Lopez's request to appoint an alternative dispute resolution judge to

investigate his claims of misconduct.

As to the demand for mediation, the magistrate judge noted that the court's

Alternative Dispute Resolution Plan "provides that the court may withdraw a case

from the ADR Program '[o]n its own motion, or for good cause shown upon a

motion by a party.'" *Id*. at 211 (quoting ADR Plan, Section 1(b)). The magistrate

judge concluded that because Mr. Lopez failed to timely submit his mediation

statement and no efforts were made thereafter by either party to reschedule the

conference, "good cause exists for withdrawing this case from the ADR

Program." *Id*. at 212. The magistrate judge rejected Mr. Lopez's argument that

the order referring the case to alternative dispute resolution required the parties to

mediate, noting the non-mandatory nature of the program, and the court's ability

to withdraw the case from mediation pursuant to a motion filed by a party or on

its own initiative.

Concerning the request for an investigation, the magistrate judge found that

Mr. Lopez's "allegations about misconduct in the mediation process are not

properly before this court." *Id*. at 212. The magistrate judge reasoned that in

order to have an alternative dispute resolution judge assigned to the case, Mr.

Lopez was required to file a complaint about the alleged misconduct. DUCivR

16-2(j). His failure to file a complaint meant that there was no need for the

district court to consider the appointment of an alternative dispute resolution judge because there was nothing for him or her to investigate.

The district court reviewed Mr. Lopez's objections to the magistrate judge's order, found them to be without merit, and adopted the magistrate judge's order. Mr. Lopez then renewed his request for the appointment of an alternative dispute resolution judge to investigate his claims of collusion, and asked the court to stay the order returning the case to the litigation track. The court denied the motion, saying that it "will not waste time and resources by appointing an ADR judge where the matter was withdrawn from the ADR Plan, before non-binding mediation had begun, for good cause." *Id*. at 250. This appeal followed.

We issued an order to Mr. Lopez to show cause why the district court's order was a final decision or came within a recognized exception to the final order rule, because without such a showing, we lack jurisdiction. *See* 28 U.S.C. § 1291 (providing that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts"). Mr. Lopez acknowledges that the order does not "terminate [the] action," *Cohen v. Beneficial Indus. Loan Corp*., 337 U.S. 541, 545 (1949), which is generally required to constitute a final decision. He argues, however, that the order falls within *Cohen's* collateral-order exception to the final-judgment rule, which applies to "that small class [of orders] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of

the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id*. at 546. We disagree.

"For a district court order to fall within the narrow confines of the collateral order doctrine, it must '(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment.'" *United States v. Bolden*, 353 F.3d 870, 874 (10th Cir. 2003) (brackets omitted) (quoting *Sell v. United States*, 539 U.S. 166, 176 (2003)). "[W]e need only find the absence of one of these elements to eliminate jurisdiction." *United States v. Schneider*, 594 F.3d 1219, 1230 (10th Cir. 2010).

In *Mohawk Industries, Inc. v. Carpenter*, ___ U.S. ___, 130 S. Ct. 599, 605 (2009), the Court stressed that "[t]he justification for immediate appeal must . . . be sufficiently strong to overcome the usual benefits of deferring appeal until litigation concludes," noting that "[t]his requirement finds expression in two of the three traditional *Cohen* conditions." To that end, there must be "*important questions separate from the merits* . . . [and] a judgment about the value of the interests that would be lost through rigorous application of a final judgment requirement." *Id*. (quotations omitted). Thus, "the decisive consideration is whether delaying review until the entry of final judgment would imperil a substantial public interest or some particular value of a high order." *Id*. (quotation omitted).

Mr. Lopez argues that "[t]he [district court's] ruling concerned a very significant claim of a procedural right; specifically, the right to proper appointment of an ADR judge, pursuant to the district court's ADR Program, to hear and determine allegations of ADR misconduct." Pl's. Jurisdictional Mem. at 7-8. More specifically, he urges that he satisfies the *Mohawk* test because the failure to appoint an alternative dispute resolution judge "prejudiced [his] case, . . . [and] [p]ublic policy favors ADR as a means to minimize the need for and reduce the cost of litigation, . . . [and the] availability and integrity of the judiciary's ADR option is too important to minimize." *Id*. at 11-12.

We have not addressed the precise issue of whether a district court's order withdrawing a case from mediation and refusing to appoint an alternative dispute resolution judge is a final order subject to appellate review. However, under the circumstances of this case, we conclude that Mr. Lopez's arguments are insufficient to satisfy the *Cohen* and *Mohawk* tests. First, the order does not appear to be completely separate from the merits of the action. Instead, "[t]he order sought to be reviewed is only a step towards the ultimate relief sought." *Tr. of Joint Welfare Fund of Int'l Union of Operating Eng'rs Local Unions 14, 14B, 15, 15A, 15C, 15D v. Nolan*, 549 F.2d 871, 873 (2d Cir. 1977) (per curiam) (cited with approval in *Kearns v. Shillinger*, 823 F.2d 399, 400 (10th Cir. 1987) (per curiam) (holding that a district court's order denying a motion for appointment of a special master is not a final, appealable order)).

Second, although we acknowledge the desirability of voluntary resolution of disputes, alternative dispute resolution is not mandatory in Utah's federal district court. Accordingly, we cannot say in this context that it is a value of high order or represents a substantial public interest.

Third, we also acknowledge the importance of integrity in the dispute resolution process, but "[t]he crucial question . . . is not whether an interest is important in the abstract; it is whether deferring review until final judgment so imperils the interest as to justify the cost of allowing immediate appeal of the entire class of relevant orders." *Mohawk*, 130 S. Ct. at 606. We cannot say that the district court's order so imperils the integrity of the process that an immediate appeal should lie. This is particularly true because Mr. Lopez does not complain that any mediation proceeding itself was unfair; instead, he merely complains that he was denied the chance to mediate, which is not a right at all, given the non-mandatory nature of alternative dispute resolution in Utah's federal court.

Finally, we recognize Mr. Lopez's desire to avoid the time and cost associated with litigation. However, we have held that such interests are generally insufficient to satisfy the collateral-order doctrine. *See McClendon v. City of Albuquerque*, 630 F.3d 1288, 1295 (10th Cir. 2011) (quotation marks omitted) (holding that the district court's order withdrawing its approval of a settlement agreement and the agreement's "promise against future litigation . . . is insufficient to warrant an appeal under the *Cohen* doctrine").

-8-

The appeal is **DISMISSED** for lack of jurisdiction.

Entered for the Court

Jerome A. Holmes
Circuit Judge