# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2022

Lyle W. Cayce
Clerk

No. 22-40442

Brian Chancey,

*Plaintiff—Appellant*,

*versus*

BASF,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:22-CV-34

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Brian Chancey appeals the district court's denial of his motion to appoint a special master over his suit against his employer, BASF. We dismiss for lack of appellate jurisdiction.

Federal appellate courts have jurisdiction over appeals only from (1) a final decision under 28 U.S.C. § 1291; (2) a decision that has been deemed or certified as final; or (3) an appealable interlocutory order under

---

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

28 U.S.C. § 1292(a). *See Askanase v. Livingwell, Inc.*, 981 F.2d 807, 809–10 (5th Cir. 1993). Here, the "district court's order is an interlocutory non-final order and cannot be appealed under 28 U.S.C. § 1292." *Teamsters Loc. Unions v. Braswell Motor Freight Lines*, 428 F.2d 1371, 1373 (5th Cir. 1970). *See also Kearns v. Shillinger*, 823 F.2d 399, 400 (10th Cir. 1987) (an "order denying plaintiff's motion for appointment of a special master is not a final, appealable order"); 9C WRIGHT & MILLER, FED. PRAC. & P. § 2615 ("An order of reference to a master under Federal Rule 53 is interlocutory and not appealable given the final judgment rule."). Accordingly, we dismiss the appeal.

This appeal is DISMISSED.