SAVE THE BAY, INC.,
Plaintiff-Appellant,

v.

The UNITED STATES ARMY et al.,
Defendants-Appellees.

No. 79–2154.

United States Court of Appeals,
Fifth Circuit.

Feb. 23, 1981.

---

Robert W. Smith, Biloxi, Miss., Earl L. Dunham, Ocean Springs, Miss., for plaintiff-appellant.

Robert Hauberg, U. S. Atty., L. K. Travis, Asst. U. S. Atty., Jackson, Miss., for U. S. Army.

David Sebree, Environment Div., Legal Dept., E. I. du Pont de Nemours & Co., Wilmington, Del., Ben H. Stone, Gulfport, Miss., for E. I. du Pont de Nemours & Co. and Southern Miss. Transportation Co.

Boyce Holleman, Stanford E. Morse, Jr., Gulfport, Miss., for Harrison County Development Commission.

Nancy B. Firestone, James W. Moorman, Dirk Snel, Land and Natural Resources Div., Washington, D. C., for EPA.

Before HENDERSON, POLITZ and WILLIAMS, Circuit Judges.

PER CURIAM:

Save The Bay, Inc., a Mississippi non-profit corporation, filed suit for damages and for declaratory and injunctive relief against the United States, the United States Army, the United States Coast Guard, the United States Corps of Engineers, General J. W. Morris and Colonel Charles Blalock of the Corps of Engineers, the Interstate Commerce Commission, E. I. Du Pont de Nemours, a private corporation, and its wholly owned subsidiary, the Southern Mississippi Transportation Company, and the Harrison County, Mississippi Board of Supervisors and its agency the Harrison County Development Commission. Plaintiff complains of violations of the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321 *et seq.*, particularly § 102 (42 U.S.C. § 4332) thereof, as a consequence of the building of a railroad project, including bridges over Turkey Creek, Delisle Bayou and Wolf River, in Harrison County, Mississippi.

Subsequent to the filing of the original complaint, plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction. Thereafter plaintiff was granted leave to file an amended complaint in which it prayed for: (1) damages of $50,000; (2) a declaratory judgment that defendants have failed to comply with the provisions of NEPA in that the Final Environmental Impact Statement (EIS) filed reflects the need for further environmental study and another EIS should be prepared; and (3) injunctive relief prohibiting defendants from proceeding with construction of the railroad project, particularly the crossings identified above.

After substantial discovery and pre-trial motions and proceedings, the matter came before the court on defendant's motions to

dismiss and plaintiff's motion for injunctive relief. The district court entered a memorandum opinion. Certain of the defendants requested a reconsideration. After considering argument, and apparently further filings by affidavit, the court, on April 9, 1979, entered a judgment in six parts, as follows:

(1) That the motion to dismiss the federal defendant Interstate Commerce Commission is sustained;

(2) That the motions to dismiss the other federal defendants are overruled, but said defendants are required to take no further action;

(3) That no further Environmental Impact Statement is necessary;

(4) That the defendants, Harrison County Board of Supervisors and Harrison County Development Commission are enjoined from participating in, assisting in, or in any manner encouraging or allowing spur lines to run from the existing railroad which is the subject of this suit for the service of a paper mill, rendering plant, or fertilizer factory;

(5) That the defendants, Harrison County Board of Supervisors and Harrison County Development Commission are enjoined from participating in, assisting in, or in any manner encouraging or allowing spur lines to run from the existing railroad which is the subject of this suit for any other type facility until and unless public hearings shall be held by the said Board of Supervisors regarding same pursuant to reasonable public notice and determination by the Board of Supervisors that any industry located along said spur line does not constitute a nuisance; and

(6) That the plaintiff herein shall post, incident to the injunction, a $500.00 corporate surety bond to be approved by the Court to pay costs and damages as may be incurred or suffered by defendants for the wrongful issuance of such injunction. Plaintiff noticed its appeal of paragraphs 2, 3 and 5 of the district court's order.

■ No further proceedings have been held in the trial court since the appeal was lodged. Pending the scheduling of oral argument the defendants-appellees filed a Motion to Dismiss Appeal as Being Moot. This motion is predicated on the uncontested factual assertion that construction of the railroad is completed and it has been in continuous operation since August 1979. Accordingly, any injunctive relief to prohibit construction of the railroad is moot. A panel of this court ordered that the motion to dismiss be carried with the case for such further consideration as might prove warranted.

### Jurisdiction

■ Federal courts are courts of limited jurisdiction. We have only the authority endowed by the Constitution and that conferred by Congress. Because we may not proceed without requisite jurisdiction, it is incumbent upon federal courts—trial and appellate—to constantly examine the basis of jurisdiction, doing so on our own motion if necessary. Fed.R.Civ.P. 12(h)(3); *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Accordingly, before addressing the merits of the appeal we must determine whether the order in question is appealable. To be appealable an order must either be final[1] or fall into a specific class of interlocutory orders which are made appealable by statute[2] or jurisprudential exception.[3] *In re*

---

[1] 28 U.S.C. § 1291 provides: "The courts of appeals shall have jurisdiction from all final decisions of the district courts of the United States ... except where a direct review may be had in the Supreme Court."

[2] 28 U.S.C. § 1292(a) provides: "The courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court ...."

[3] *Cohen v. Beneficial*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) (collateral order); *Forgay et al. v. Conrad*, 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848) (hardship-irreparable injury); *Gillespie v. U.S. Steel Corp.*, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964) (practical finality). There was a fourth category known

*1975–2 Grand Jury Investigation, Etc.*, 566 F.2d 1293 (5th Cir. 1978).

■ Paragraph 2 of the order denies defense motions to dismiss. Such an order is neither a ruling on the merits nor an effective termination of all or any discrete part of the district court proceedings. It is not appealable under 28 U.S.C. § 1291. *See Wallace v. Norman Industries, Inc.*, 467 F.2d 824 (5th Cir. 1972), and cases cited therein. The reference in paragraph 2 which relieves the federal defendants from taking any further action is understood to be a reference to discovery. An order of the district court relating to pre-trial discovery is not to be lightly disturbed for the trial court is vested with broad discretion in regulating discovery. *Imperial Ethiopian Gov't. v. Baruch-foster Corp.*, 535 F.2d 334 (5th Cir. 1976); *Burns v. Thiokol Chemical Corporation*, 483 F.2d 300, 304 (5th Cir. 1973) ("discovery matters are committed almost exclusively to the trial judge").

Paragraph 3 of the order holds that no further EIS is necessary. Although the ruling relates to the merits, it does not conclude the merits or any meaningful discrete portion of the entire controversy which justifies our consideration on an interlocutory appeal basis. The Supreme Court reminds us in *Firestone Tire & Rubber Co. v. Risjord*:

> Our decisions have recognized, however, a narrow exception to the requirement that all appeals under § 1291 await final judgment on the merits. . . . We have recently defined this limited class of final "collateral orders" in these terms: "[T]he order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment."

— U.S. ——, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), *quoting Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

Paragraph 5 of the order relates to injunctive relief which, at first blush, appears to fit squarely under § 1292(a)(1). That first impression fades when one considers that the appellant is the plaintiff, the injunction runs in favor of the plaintiff and it is for relief which the plaintiff did not seek in its pleadings. Plaintiff sought only to enjoin construction. The issue of construction is now moot, insofar as injunctive relief is concerned; the request that construction be stopped posits no possible prayer for relief now that construction is completed.

From the foregoing it is clear that no appeal currently lies from paragraphs 2 and 3 of the district court's order. Further, appellant has no grounds to complain of paragraph 5; the injunction granted is more than appellant sought in its pleading, and the injunction it did seek in pleading can no longer be ordered.

Concluding that we have no jurisdiction to entertain this appeal, we order that the motion to dismiss the appeal, previously ordered carried with the case, be and it is now GRANTED and the appeal is DISMISSED.

---

as the "death knell" cases, resulting from *Eisen v. Carlisle & Jacquelin*, 370 F.2d 119 (2d Cir. 1966), *cert. denied*, 386 U.S. 1035, 87 S.Ct. 1487, 18 L.Ed.2d 598 but the Supreme Court in *Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980), declared that its prior decision in *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), sounded the death knell to that doctrine. Further cloud has been cast on the range of appealable interlocutory orders by the Supreme Court's rationale and language in *Firestone Tire & Rubber Co. v. Risjord*, —— U.S. ——, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981).