IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10433
USDC No. 5:94-CR-069
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHONNAS J. EICKE,

Defendant-Appellant.

----------------------

Appeal from the United States District Court
for the Northern District of Texas
----------------------
August 15, 1995

Before GARWOOD, BENAVIDES and PARKER, Circuit Judges.

BY THE COURT:

This court must examine the basis of its jurisdiction on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). In this criminal proceeding, the defendant has filed a notice of appeal from the district court's determination that he is competent to stand trial. Federal appellate courts have jurisdiction over appeals only from (1) final orders, 28 U.S.C. § 1291; (2) orders that are deemed final due to jurisprudential exception or that have been properly certified as final pursuant to Fed. R. Civ. P. 54(b); and (3) interlocutory orders that fall into specific classes, 28 U.S.C. § 1292(a), or that have been properly certified for appeal by the district court, 28 U.S.C.

§ 1292(b).  See Dardar v. Lafourche Realty Co., 849 F.2d 955, 957 (5th Cir. 1988); Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981).  A decision is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (internal quotations and citation omitted).  The district court has not entered a final or otherwise appealable order in this case, and we can discern no basis for appellate jurisdiction.  Thus, the motion for transcripts is DENIED as moot and the appeal is DISMISSED.