IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-20937
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANDRE DAMON COURVILLE,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:03-CR-387-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Andre Courville, federal prisoner # 29153-179, pleaded guilty of possession

of a firearm in furtherance of a drug trafficking crime and possession with intent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to distribute 50 grams or more of a mixture of cocaine base. He filed a "Motion to Modify/or Clarify Sentence Pursuant to Fed. Rule of Criminal Procedure 35-(a)(2) and 18 U.S.C. § 3582 (b)(C)(i)." The district court dismissed the motion on October 5, 2006. On November 30, 2007, Courville filed a "Motion for Determination of Status and Order for the Government to Show Cause" to determine the status of his "Motion to Modify/or Clarify Sentence." The court denied the November 30 motion on December 3, 2007, and Courville filed a notice of appeal.

Courville asserts that he is seeking review of the denial of his "Motion to Modify/or Clarify Sentence." We pretermit the issue of whether he has filed a timely notice of appeal with respect to that motion, because there is no jurisdictional impediment to reaching the merits of the case, and his appeal fails on the merits. See United States v. Martinez, 496 F.3d 387, 389 (5th Cir.), cert. denied, 128 S. Ct. 728 (2007).

The district court's jurisdiction to correct or modify a sentence is limited to those specific circumstances articulated in § 3582(b) and (c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). Courville's contention that he is entitled to relief because United States v. Booker, 543 U.S. 220 (2005), altered the binding nature of the guidelines provides no basis for a § 3582(c)(2) motion. See United States v. Shaw, 30 F.3d 26, 28-29 (5th Cir. 1994). Furthermore, FED. R. CRIM. P. 35 does not provide a basis for relief, because neither the version of rule 35 in force when Courville committed his offenses nor the current version permits the district court to correct a sentence "at any time" or on the defendant's motion. See FED. R. CRIM. P. 35.

Courville's notice of appeal was timely with respect to the denial of his "Motion for Determination of Status." See FED. R. APP. P. 4(a)(1). Federal courts are courts of limited jurisdiction. Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. Feb. 1981) (per curiam). The order denying the "Motion for Determination of Status" was not a final order of dismissal. See 28 U.S.C. § 1291; Frizzell v. Sullivan, 937 F.2d 254, 255 (5th Cir. 1991). The order

also does not fall within any jurisprudential exception that would render it a final, appealable order.  See Witherspoon v. White, 111 F.3d 399, 401 n.5 (5th Cir. 1997) (recognizing the collateral order, death knell, and pragmatic finality exceptions to the general rule requiring finality).  It also does not fall into the classes of interlocutory decisions listed in 28 U.S.C. § 1292 over which courts of appeal have jurisdiction.  Finally, it was not certified for appeal by the district court pursuant to 28 U.S.C. § 1292(b) or FED. R. CIV. P. 54(b).  Thus, this court does not have jurisdiction over the order.  See Dardar v. Lafourche Realty Co., 849 F.2d 955, 957 (5th Cir. 1988); Save the Bay, 639 F.2d at 1102.

AFFIRMED.