# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 11, 2011

No. 10-50487
Summary Calendar

Lyle W. Cayce
Clerk

JOE ANGEL ACOSTA, III,

Plaintiff-Appellant

v.

OFFICER POPLE, Security Threat Group Investigator; SENIOR WARDEN
CHANEY; MAJOR FOX; MAJOR WALLS; MRS. WALLACE, Garza Unit
Classification Officer; UNIT ASSISTANT WARDEN D. MOONEYHAM; B.
TREVINO, Region IV Assistant Director; SENIOR WARDEN PETE MORALES;
J GARCIA, Assistant Region IV Director; V L. BRISHER; STATE
CLASSIFICATION OFFICIAL, (SCCla); HERRERA MAXIMILO; GUY SMITH;
MYRA WALKER; STATE CLASSIFICATION OFFICER OFFICIAL, (SCC2);
STATE CLASSIFICATION OFFICIAL, (SCC2a); STATE CLASSIFICATION
OFFICIAL, SCC26); CHERYL LAWSON; SENIOR WARDEN K. REGANS;
ASSISTANT WARDEN TURRUBIARTE; MAJOR JACKSON; STEVE MASSIE;
GRAD SERGEANT BRENNAN; GRAD LIEUTENANT GILBERT, GRAD
SERGEANT HECHT,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CV-101

Before HIGGINBOTHAM, SMITH and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-50487

Joe Angel Acosta, III, Texas prisoner # 1408833, filed a 42 U.S.C. § 1983 complaint against a number of prison personnel from several different facilities as well as administrative personnel, asserting claims for denial of procedural due process, equal protection, and adequate medical care and deliberate indifference to his safety. The district court dismissed the claims against some of the defendants without prejudice for failure to state a claim. The district court noted, and its docket sheet reflects, that claims remain pending against numerous defendants.

Because the district court dismissed some but not all claims and defendants, we must sua sponte examine whether we have jurisdiction to consider the appeal. *See Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010). We have jurisdiction over appeals from (1) final orders pursuant to 28 U.S.C. § 1291; (2) orders that are deemed final due to a jurisprudential exception, such as the collateral order doctrine; (3) interlocutory orders specified in 28 U.S.C. § 1292(a); and (4) interlocutory orders that are properly certified for appeal by the district court pursuant to Federal Rule of Civil Procedure 54(b) or § 1292(b). *Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988); *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 & n.3 (5th Cir. 1981). The order from which Acosta appeals does not fall within any of these categories, so we lack jurisdiction to consider the appeal, and the appeal is DISMISSED.

Acosta's motion for leave to proceed in forma pauperis on appeal is DENIED. His motion for appointment of counsel is also DENIED. *See Schwander v. Blackburn*, 750 F.2d 494, 502-03 (5th Cir. 1985).