# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2013

No. 12-30740
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SABINA LUNA VALDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:06-CR-60074-8

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Sabina Luna Valdez, federal prisoner # 46413-179, is serving a 78-month sentence for her conviction for conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana. Valdez appeals the district court's denial of a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on the United States Sentencing Commission's retroactive amendments to the crack cocaine guidelines. She also appeals the district court's denial of her motion for writ of habeas corpus ad testificandum, which requested an evidentiary hearing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although a pro se brief is afforded liberal construction, *see Haines v. Kerner,* 404 U.S. 519, 520 (1972), when an appellant fails to identify any error in the district court's analysis it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987). Because Valdez does not address the district court's denial of her § 3582(c)(2) motion, she has abandoned the issue. *See Brinkmann*, 813 F.2d at 748.

Valdez argues that the district court erroneously denied her writ of habeas corpus ad testificandum. "This [c]ourt must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). "Federal courts are courts of limited jurisdiction." *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). The order denying Valdez's motion for writ of habeas corpus ad testificandum was not a final order of dismissal. *See* 28 U.S.C. § 1291; *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 810 (5th Cir. 1993). The order also does not fall within any jurisprudential exception, such as the collateral-order doctrine, that would render it a final, appealable order. *See Louisiana Ice Cream Distribs., Inc. v. Carvel Corp.,* 821 F.2d 1031, 1033 (5th Cir. 1987). The order also does not fall into the classes of interlocutory decisions listed in 28 U.S.C. § 1292 over which courts of appeal have jurisdiction. Finally, the order was not certified for appeal by the district court pursuant to § 1292(b) or FED. R. CIV. P. 54(b). Thus, this court does not have jurisdiction over the order. *See Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988); *Save the Bay, Inc.,* 639 F.2d at 1102.

Also, Valdez contends that the district court erroneously denied her § 2255 motion. At the time Valdez filed her notice of appeal and appeal brief, however, the district had not yet ruled on the § 2255 motion. Because Valdez's § 2255 motion was pending at the time she filed the notice of appeal and appeal brief, there was no final judgment in her § 2255 proceeding from which to appeal. Thus, this court does not have jurisdiction over these claims. *See Askanase*, 981

F.2d at 810. Valdez's challenges to the district court's denial of her motion for writ of habeas corpus ad testificandum and motion pursuant to 28 U.S.C. § 2255 are DISMISSED.

The Government's motion for summary affirmance is GRANTED. The district court's denial of Valdez's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is affirmed, and the Government's motion for extension of time is DENIED as moot.