# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40517

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2014

Lyle W. Cayce
Clerk

JIMMY DIAZ,

Plaintiff-Appellant

v.

B. ALDERSON, Police Officer; SERGEANT RODRIGUEZ; POLICE CHIEF MARK WICKER; SERGEANT JESSE GARZA; CLUTE MUNICIPALITY(S); PUBLIC SERVANT JESSE SOLEY; OFFICER ANDERSON BRANDON,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:11-CV-545

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Jimmy Diaz, Texas prisoner # 1737301, filed a 42 U.S.C. § 1983 complaint against law enforcement officials. The district court denied Diaz's motion for leave to file a supplemental response to Defendants' motion for summary judgment and dismissal. Diaz appeals this order. The district court's docket sheet reflects that Diaz's § 1983 complaint remains pending.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40517

We must sua sponte examine whether we have jurisdiction to consider the appeal. *See Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010). Federal appellate courts only have jurisdiction over appeals from (1) final orders pursuant to 28 U.S.C. § 1291; (2) orders that are deemed final due to a jurisprudential exception, such as the collateral order doctrine; (3) interlocutory orders specified in 28 U.S.C. § 1292(a); and (4) interlocutory orders that are properly certified for appeal by the district court pursuant to Federal Rule of Civil Procedure 54(b) or § 1292(b). *Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988); *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 & n.3 (5th Cir. 1981). The order denying Diaz's motion for leave to file a supplemental response to Defendants' motion for summary judgment and dismissal does not fall within any of these categories.

Accordingly, we lack jurisdiction to consider the appeal, and the appeal is DISMISSED. Diaz's motion for leave to proceed in forma pauperis on appeal is DENIED.