**UNITED STATES of America, ex rel; Phi–Nga Jeannie LE, Plaintiffs–Appellees**

v.

**Stanley THAW; Michael Kincaid, Defendants–Appellants.**

No. 15–10958.

United States Court of Appeals, Fifth Circuit.

April 13, 2016.

Bill E. Davidoff, Figari & Davenport, L.L.P., Dallas, TX, Mitchell Reed Kreindler Kreindler & Associates, Houston, TX, for Plaintiffs–Appellees.

Stanley Thaw, El Reno, OK, pro se.

Michael Kincaid, El Reno, OK, pro se.

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM: *

Relator Phi–Nga Jeannie Le filed a qui tam complaint on behalf of herself and the United States against, among other defendants, Stanley Thaw and Michael Kincaid. She alleged three claims under the False Claims Act, 31 U.S.C. § 3729, *et seq.* The district court granted Le's motion for partial summary judgment on claims one and three of her complaint and her motion for entry of judgment and entered judgment against Thaw and Kincaid in the amount of $2,106,838.92 and for reasonable attorneys' fees, expenses, and costs.

The district court dismissed some but not all claims; we must sua sponte examine whether we have jurisdiction to consider the appeal. *See Martin v. Halliburton,* 618 F.3d 476, 481 (5th Cir.2010). We have jurisdiction over appeals from (1) final orders pursuant to 28 U.S.C. § 1291; (2) orders that are deemed final due to a jurisprudential exception, such as the collateral order doctrine; (3) interlocutory orders specified in 28 U.S.C. § 1292(a); and (4) interlocutory orders that are properly certified for appeal by the district court pursuant to Federal Rule of Civil Procedure 54(b) or § 1292(b). *Dardar v. Lafourche Realty Co.,* 849 F.2d 955, 957 (5th Cir.1988); *Save the Bay, Inc. v. U.S. Army,* 639 F.2d 1100, 1102 & n. 3 (5th Cir.1981). The order from which Thaw and Kincaid appeal does not fall within any of these categories, so we lack jurisdiction to consider the appeal, and the appeal is DISMISSED.

Thaw and Kincaid's motion for leave to proceed in forma pauperis on appeal is DENIED. Their motion for appointment of counsel is also DENIED. *See Schwander v. Blackburn,* 750 F.2d 494, 502–03 (5th Cir.1985).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.