# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 17-11049
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2018

Lyle W. Cayce
Clerk

———————

EDDIE LAW,

Plaintiff-Appellant

v.

ROBERTSON UNIT; ADMINISTRATION RB UNIT; LARRY G. DOYLE, Warden; JIMMY S. WEBB, Assistant Warden; ADAM R. GONZALES, Assistant Warden;  CORRELL L. ANRIAN, Captain; ARENDALL J. CLAYTON, Captain; KENATH E. BOYD, JR., Sergeant; TIMOTHY S. HOOPER,  Captain;  ALL ADMINISTRATION; JUSTIN LIPIECKI, Correctional Officer IV; MICHAEL E. SACHSENMEYER, Sergeant;  SHAWN D. BENNETT, Captain;  VERONICA A. FERENCE, Coun Sub; ASHLEY M. LOPEZ, Coun Sub; DAKOTA W. PATTERSON, Correctional Officer IV,

Defendants-Appellees

————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:17-CV-99

————————————

No. 17-11049

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Eddie Law, Texas prisoner # 1771847, filed a civil rights action under 42 U.S.C. § 1983 against numerous officials employed by the Robertson Unit of the Texas Department of Criminal Justice. He filed a pleading that was construed by the district court as an interlocutory notice of appeal.

This court has a duty, sua sponte, to determine whether it has appellate jurisdiction. *Trent v. Wade*, 776 F.3d 368, 387 (5th Cir. 2015) (citing *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987)). Federal appellate courts only have jurisdiction over appeals from (1) final orders pursuant to 28 U.S.C. § 1291; (2) orders that are deemed final due to a jurisprudential exception, such as the collateral order doctrine; (3) interlocutory orders specified in 28 U.S.C. § 1292(a); and (4) interlocutory orders that are properly certified for appeal by the district court pursuant to Federal Rule of Civil Procedure 54(b) or § 1292(b). *Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988); *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 & n.3 (5th Cir. Feb. 1981).

In the present case, the district court has not entered a final judgment, has not issued an interlocutory order specified in § 1291(a), and has not certified an interlocutory order for appeal. *See Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010); § 1292(a), (b). The district court also has not issued an order that is collaterally appealable. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106-07 (2009). Accordingly, the appeal is DISMISSED for lack of jurisdiction. *See id.*; *Martin*, 618 F.3d at 481.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.