United States Court of Appeals,

Fifth Circuit.

No. 92-2141.

David ASKANASE, Trustee, Plaintiff-Appellee,

v.

LIVINGWELL, INC. et al., Defendants,

Gerald M.H. Stein and Joseph J. Zilber, Movants-Appellants.

Jan. 22, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges:

DeMOSS, Circuit Judge:

## Procedural Background

On November 6, 1990, David Askanase, trustee of the bankruptcy estate of LivingWell, Inc., debtor in Bankruptcy Case No. 89-07878-H1-7 (hereinafter "Askanase Trustee"), filed his Original Complaint in the United States District Court for the Southern District of Texas, naming as defendants:

1. LivingWell, Inc., a Delaware corporation, together with its divisions and subsidiaries (hereinafter "LivingWell"), who were the original debtors in possession in a Chapter 11 proceeding filed on October 27, 1989, and which was later converted to a Chapter 7 proceeding on October 5, 1990;

2. The LivingWell, Inc. Directors and Officers Liability Insurance Trust (hereinafter the "Insurance Trust"), an insurance trust created by LivingWell under a Trust Agreement dated February 12, 1987;

3. Pittsburgh National Bank, a national banking association in Pittsburgh, Pennsylvania, in its capacity as Trustee of the Insurance Trust; and

4. McDonough Caperton Shepherd Group, Inc., d/b/a McDonough Caperton Risk Services, a West Virginia corporation (hereinafter "McDonough Caperton"), in its capacity as administrator

of the Insurance Trust.

In this action, Askanase Trustee asserted claims under various sections of the Bankruptcy Act of the United States, under Section 24.01 *et seq.* of the Texas Business and Commerce Code (1967), under Section 24.005(a) of the Texas Uniform Fraudulent Transfer Act (1987), and under ancillary Texas state law regarding fraudulent transfers, constructive fraud, breaches of fiduciary duty, breaches of express, resulting and/or constructive trusts, breaches of express, and/or implied contracts, alter ego liability, and civil conspiracy. The relief sought by Askanase Trustee was declaration of the rights of the parties with respect to the Insurance Trust and the alleged beneficiaries thereunder; recovery of all funds transferred or paid by LivingWell to the Insurance Trust; the turnover and/or imposition of equitable liens against and/or constructive trusts upon certain funds now held in the name of the Insurance Trust, but which rightfully belong to Askanase Trustee; turnover of funds held by the Trust pursuant to 11 U.S.C. §§ 542 and 543, and recovery for the benefit of the bankrupt estate of actual damages, pre-judgment interest, costs, attorneys' fees, and post-judgment interest.

In due course, defendants filed Answers and Cross-claims against Askanase Trustee and Counterclaims as against certain other defendants; and certain individuals were permitted to intervene, (hereinafter "intervenors"), asserting that they were actual or potential beneficiaries of the Insurance Trust seeking to protect and preserve their rights thereunder.

In October 1991, Askanase Trustee filed a "Motion For Partial Summary Judgment" in which Askanase Trustee requested the Trial Court to

> "... enter Partial Summary Judgment declaring that the revocable Trust is an asset of the Estate, that the Trust's funds held by Pittsburgh National Bank are property of the estate, and that all funds be turned over to the Bankruptcy Trustee by virtue of 11 U.S.C. § 542."

On January 23, 1992, the Trial Court entered its "Memorandum Opinion" which discussed the procedural posture of the case, the contentions of the parties, the various cases cited by the parties as being determinative of the issues presented, and determined that since LivingWell retained the power to amend and terminate the Insurance Trust under the Trust Agreement, the plaintiff Askanase Trustee has the right to terminate the trust in accordance with the Trust Agreement and that

right is the property of the estate. The Memorandum Opinion concluded with the following:

"The plaintiff's motion for summary judgment is GRANTED. In this regard, the plaintiff's notice of termination is effective and the plaintiff may proceed to terminate the Trust in accordance with its terms."

Following entry of the Memorandum Opinion, the Trial Court entered the following Orders in response to various motions made by intervenors, defendants, and plaintiff:

1. On March 4, 1992, the Trial Court signed an Order which was entered on March 5, 1992, in which the Trial Court denied a motion of intervenors for "stay pending appeal"; and inserted in handwriting the following explanations: "NO FINAL JUDGMENT HAS BEEN ENTERED."

2. On March 18, 1992, the Trial Court signed an Order entered on March 19, 1962, which denied a motion of Askanase Trustee "for severance and final judgment and request for turnover order", but concluded its "discussion" with the following sentence:

"Given this Court's opinion that the rights to terminate the trust is a property right of the bankrupt estate, the Court holds that this is appealable and that the motions are DENIED."

3. On March 16, 1992, the Trial Court signed an order which was entered on March 19, 1992, which denied the motions of two intervenors (i) to amend Memorandum Opinion concerning plaintiff's motion for partial summary judgment, (ii) motion for clarification of Memorandum Opinion, and (iii) motion seeking inclusion of statement pursuant to 28 U.S.C. § 1292(b); but granted the motion of David Askanase Trustee for a turnover Order and directed Pittsburgh National Bank as Trustee of the Insurance Trust to,

"... turnover the assets of the Trust to David Askanase, Trustee, within twenty (20) days of the date of this Order."

4. On May 7, 1992, the Trial Court signed an order entered on May 7, 1992, which amended the order signed March 16, 1992, by deleting therefrom the last two paragraphs dealing with turnover of assets; and

5. On July 9, 1992, the Trial Court signed an order entered on July 15, 1992, which granted the motion of intervenors for "stay pending appeal".

None of these orders contain any language referencing actions taken or contemplated by the Trial Court under Rule 54(b) of the Fed.R.Civ.P. nor any language reflecting an intention on the part

of the Trial Court to make the certification contemplated by 28 U.S.C. § 1292(b).  During the time interval covered by the Orders cited above, some of the intervenors gave two Notices of Appeal to this Circuit Court which were subsequently dismissed voluntarily.  The record excerpts filed by appellants now before the court does not contain a copy of the Notice of Appeal upon which appellants rely as required by our Loc.R. 30.1.4.  From a review of the docket sheets and the record in the Trial Court, it would appear that the Notice of Appeal under which appellant is now acting was the one dated June 4, 1992, and filed on June 5, 1992, which purports to appeal from the Memorandum Opinion entered on January 23, 1992.  The brief of appellant asserts that this court has jurisdiction under 28 U.S.C. § 1291 as an appeal from a "Final Judgment".  The brief of appellee asserts that no final judgment appealable under 28 U.S.C. § 1291 has been entered and that this court does not have jurisdiction under either 28 U.S.C. § 1292(a) or 28 U.S.C. § 1292(b) because the Memorandum Opinion does not meet the requirements of those statutes.

## Opinion

Federal appellate courts have jurisdiction over appeals only from (1) a final decision under 28 U.S.C. § 1291;  (2) a decision that is deemed final due to jurisprudential exception or that has been properly certified as final pursuant to Fed.R.Civ.P. 54(b);  and (3) interlocutory orders that fall into specific classes, 28 U.S.C. § 1292(a), or that have been properly certified for appeal by the district court, 28 U.S.C. § 1292(b).  *See Dardar v. Lafourche Realty Cove,* 849 F.2d 955, 957 (5th Cir.1988);  *Save the Bay, Inc. v. U.S. Army,* 639 F.2d 1100, 1102 (5th Cir.1981).

A decision is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment".  *Coopers and Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (quoting *Catlin v. U.S.,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)).

When an action involves multiple parties, any decision that adjudicates the liability of fewer than all of the parties does not terminate the action and is therefore not appealable unless certified by the district judge under Rule 54(b).  *Thompson v. Betts,* 754 F.2d 1243, 1245 (5th Cir.1985).  While the recent en banc decision of this Circuit in *Kelly v. Lee's Old Fashioned Hamburgers, Inc.,* 908

F.2d 1218 (5th Cir.1990) teaches that it is not necessary for the Trial Court to recite the magic words of "no just reason for delay," that decision does require that "the order alone, or the order together with the motion or some other portion of the record referred to in the order, contains clear language reflecting the court's intent to enter the judgment under Rule 54(b)."

In the present appeal, it is clear that the Memorandum Opinion was neither in form nor content a final decision. Likewise it is clear that the Trial Court expressly refused to make the certifications necessary for appeal of the Memorandum Opinion under 28 U.S.C. § 1292(b), and it is also clear that the Memorandum Opinion does not constitute one of those interlocutory orders made appealable under 28 U.S.C. § 1292(a). While the Trial Court did indicate in its Order of March 19, 1992, that the issue as to the right to terminate the Insurance Trust being a property right of the bankrupt estate was "appealable", neither that order nor any motion requesting the entry of such order, made reference to Rule 54(b) as the source of the Trial Court's statement about "appealability". Furthermore, on subsequent occasions the Trial Court entered orders modifying or amending the Memorandum Opinion which would clearly not be consistent with an intention to enter judgment without further delay on the basis of the Memorandum Opinion.

For the foregoing reasons **we hold that this Court does not have appellate jurisdiction of this matter** and direct the Clerk to enter an **Order of Dismissal** herein.

Nothing herein shall be deemed or construed as an expression of opinion on the merits of any issue involved in this controversy.