IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31186
Summary Calendar
_____

MARY ANN STEPHENS; SHELBY STEPHENS;
SHARON SKIPPER; ROBERT SKIPPER,

                                        Plaintiffs-Appellants,

versus

CIBA GEIGY CORP., Etc.; ET AL.,

                                        Defendants,

CIBA GEIGY CORP. and its successor,
Novartis Crop Protection Corp.,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 98-CV-27-C
--------------------
June 16, 2000

Before GARWOOD, DeMOSS, and PARKER, Circuit Judges

PER CURIAM:[*]

     This court must determine whether it has appellate
jurisdiction, and the appellants bear the burden of establishing
jurisdiction.  Acoustic Sys., Inc. v. Wenger Corp., 207 F.3d 287,
289 (5th Cir. 2000).  Federal appellate courts have jurisdiction
over appeals only from (1) final orders, 28 U.S.C. § 1291; (2)
orders that are deemed final due to jurisprudential exception or
which have been properly certified as final pursuant to Fed. R.

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Civ. P. 54(b); and (3) interlocutory orders that fall into specific classes, 28 U.S.C. § 1292(a), or which can be properly certified for appeal by the district court, 28 U.S.C. § 1292(b). Askenase v. LivingWell, Inc., 981 F.2d 807, 809-10 (5th Cir. 1993). "A decision is final when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Id., at 810 (internal quotations and citations omitted). When an action involves multiple parties or multiple claims, any decision that adjudicates the liability of fewer than all of the parties does not terminate the action and is therefore not appealable unless certified by the district court under Rule 54(b). Borne v. A & P Boat Rentals No. 4, Inc., 755 F.2d 1131, 1133 (5th Cir. 1985); Thompson v. Betts, 754 F.2d 1243, 1245 (5th Cir. 1985).

The summary judgment dismissing Ciba did not dispose of all the parties, and the district court did not certify that the order was a final judgment pursuant to Rule 54(b). No other exception to the final-judgment requirement applies. The appeal is DISMISSED for this court's lack of jurisdiction.