IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40773
Summary Calendar
_____

TERRY EARL COLLINS,

Plaintiff-Appellant,

versus

WAYNE A. SCOTT; D. ARMSTRONG; UNKNOWN PERSON PEREZE, Warden;
H. DE LA ROSA; G.J. GOMEZ, Warden/Director; S. LOVE; R.D.
JONES, Assistant Warden; P. POLK, Chaplain; P. POPWITZ,
Sergeant; UNKNOWN PERSON BOWEN; C. CARREL; M. SHELL, Law
Library Lieutenant; D. SWEETEN, Captain; J. ROLLINS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:95-CV-241
--------------------
August 10, 2000

Before REYNALDO G. GARZA, SMITH, and PARKER, Circuit Judges.

PER CURIAM:[*]

Terry Earl Collins, Texas state prisoner #644257, has filed
a pro se notice of appeal from the district court's partial
judgment dismissing some of the defendants named in his 42 U.S.C.
§ 1983 civil rights action.

This court is obliged to examine the basis for its appellate
jurisdiction, sua sponte if necessary. Borne v. A & P Boat
Rentals No. 4, Inc., 755 F.2d 1131, 1133 (5th Cir. 1985). A
federal appellate court has jurisdiction over an appeal from:

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1) a final decision under 28 U.S.C. § 1291; (2) a decision that is deemed final due to jurisprudential exception or that has been properly certified as final pursuant to Fed. R. Civ. P. 54(b); or (3) an interlocutory order that falls into one of the specific classes enumerated in § 1292(a) or that has been properly certified for appeal by the district court under § 1292(b). Askanase v. LivingWell, Inc., 981 F.2d 807, 809-10 (5th Cir. 1993). "A decision is final when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Id. at 810 (internal quotation marks and citations omitted). In the absence of a Rule 54(b) certification by the district court, a partial disposition of a multi-claim or multi-party action does not qualify as a final decision under § 1291 and is ordinarily an unappealable interlocutory order. Thompson v. Betts, 754 F.2d 1243, 1245 (5th Cir. 1985).

The district court's partial judgment did not dismiss all of the defendants, and the district court did not certify that the partial judgment was a final judgment pursuant to Rule 54(b). No other exception to the final-judgment requirement applies. The appeal is DISMISSED for this court's lack of jurisdiction.