IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50397
Summary Calendar
_____

GARY D. SMITH,

Plaintiff-Appellant,

versus

LARRY G. MASSANARI, ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CV-197-H
--------------------
November 28, 2001

Before DUHÉ, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[1]

On March 21, 2001, the magistrate judge entered an order denying a motion for summary judgment filed by Gary D. Smith. The record contains no other judgment or order disposing of the case.

A federal appellate court is obligated to determine, *sua sponte* if necessary, whether it has jurisdiction. See Williams v. Chater, 87 F.3d 702, 704 (5th Cir. 1996). Generally, a federal appellate court has jurisdiction over appeals from (1) final orders, 28 U.S.C. § 1291; (2) orders that are deemed final due to jurisprudential exception or which have been properly certified as

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

final pursuant to Rule 54(b); and (3) interlocutory orders that fall into specific classes, 28 U.S.C. § 1292(a), or which can be properly certified for appeal by the district court, 28 U.S.C. § 1292(b). See Askenase v. Livingwell, Inc., 981 F.2d 807, 809-10 (5th Cir. 1993). "A decision is final when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Id. at 810 (internal quotations and citations omitted).

The "denial of summary judgment is not a final order within the meaning of 28 U.S.C. § 1291." Skelton v. Camp, 234 F.3d 292, 295 (5th Cir. 2000). The magistrate judge's order did not grant summary judgment for the Commissioner, order that Smith's complaint be dismissed, or otherwise "end the litigation on the merits." Because of the absence of an appealable order, we are without jurisdiction.

APPEAL DISMISSED.