United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 8, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-31032
Summary Calendar
_____

KARSTON KEELEN,

Plaintiff-Appellant,

versus

BURL CAIN,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Middle District of Louisiana
(01-CV-332-C)
---------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Karston Keelen, Louisiana prisoner # 125690, appeals the district court's order directing that "the Clerk administratively terminate this action in his records, without prejudice to the right of the parties to re-open the proceedings upon resolution of the pending appeal." The court's order further provided that "[t]his Order shall not be considered a dismissal of this matter, and any party may take action to re-

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

initiate this case should further proceedings become necessary or desirable."

We must examine the basis of our jurisdiction on our own motion if necessary. See Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Federal appellate courts only have jurisdiction over appeals from (1) final orders under 28 U.S.C. § 1291; (2) orders that are deemed final due to jurisprudential exception or that properly can be certified as final pursuant to FED. R. CIV. P. 54(b); and (3) interlocutory orders that fall into specific classes, 28 U.S.C. § 1292(a), or that have been properly certified for appeal by the district court, 28 U.S.C. § 1292(b). See Askanase v. Livingwell, Inc., 981 F.2d 807, 810 (5th Cir. 1993). Generally, a final decision for purposes of § 1291 ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. Briargrove Shopping Center Joint Venture v. Pilgrim Enterprises, Inc., 170 F.3d 536, 539 (5th Cir. 1999). Here, the district court specifically stated that its order was not to be "considered a dismissal of disposition of the matter," and that any party could take action to re-initiate the case. That order was not a final judgment. See id. As we therefore lack jurisdiction, this appeal is
DISMISSED.