United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 5, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-30173
Summary Calendar

———————————

CITIZEN D. STEWART, also known as K. Stewart,

Plaintiff-Appellant,

versus

JOHN ASHCROFT, U. S. ATTORNEY GENERAL; RICHARD P. IEYOUB,
Louisiana State Attorney General; UNIDENTIFIED PARTIES;
UNITED STATES OF AMERICA; GEORGE W. BUSH, PRESIDENT OF THE
UNITED STATES; RICHARD B. CHENEY, VICE PRESIDENT OF THE
UNITED STATES; FRANK J. POLOZOLA JR., U.S. District Judge;
CAROLYN DINEEN KING, Chief Circuit Judge; EDITH H. JONES,
Circuit Judge; UNITED STATES ATTORNEY; MIKE J. FOSTER JR.,
Governor; WALTER FOX MCKEITHEN, Secretary, State of Louisiana;
SUZANNE HAIK TERRELL, Commissioner of Elections,

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CV-3566-A
--------------------

Before DAVIS, DUHÉ, and CLEMENT, Circuit Judges.

PER CURIAM:*

This court must examine the basis of its jurisdiction on

its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660

(5th Cir. 1987). The plaintiff, Citizen D. "K" Stewart, has

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

filed a notice of appeal and motion to proceed on appeal in forma pauperis (IFP) from the district court's February 4, 2003, order. In that order, the district court denied Stewart's motion for relief from judgment or order, which challenged the district court's January 22, 2003, order denying service by the United States Marshal without prepayment of fees.

Federal appellate courts have jurisdiction over appeals only from (1) final orders, 28 U.S.C. § 1291; (2) orders that are deemed final due to jurisprudential exception or which can be properly certified as final pursuant to FED. R. CIV. P. 54(b); and (3) interlocutory orders that fall into specific classes, 28 U.S.C. § 1292(a), or which can be properly certified for appeal by the district court, 28 U.S.C. § 1292(b). Askanase v. Livingwell, Inc., 981 F.2d 807, 809-10 (5th Cir. 1993); Dardar v. Lafourche Realty Co., 849 F.2d 955, 957 (5th Cir. 1988). The district court's February 4, 2003, order is not final or otherwise appealable. Accordingly, the appeal is DISMISSED for lack of appellate jurisdiction. Stewart's motion for IFP is DENIED.