IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-50932
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DAVID HILL

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:06-CV-141
USDC No. 7:04-CR-18

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

David Hill, federal prisoner # 30630-177, applied for federal habeas corpus pursuant to 28 U.S.C. § 2255. Before ruling on the merits of his Section 2255 application, the district court issued a show cause order directing Hill to address the timeliness of his application and directing that the Respondent be served and file a response. Hill filed a motion requesting application of the doctrine of equitable tolling to his pending Section 2255 motion or an extension of time to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is precedent only under the circumstances set forth in 5TH CIR. R. 47.5.4.

file a new such motion. The district court construed Hill's motion as a motion for extension of time and denied the motion.

Hill filed a timely notice of appeal. The district court denied Hill's motion for leave to proceed in forma pauperis (IFP) on appeal. Hill seeks our reversal of that ruling. However, instead of resolving that issue, we find it necessary to note the absence of appellate jurisdiction. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987) (court should always be certain of its jurisdiction). The order denying Hill's motion for an extension of time was not a final order of dismissal. See 28 U.S.C. § 1291; Askanase v. Livingwell, Inc., 981 F.2d 807, 810 (5th Cir. 1993). Though there are a few exceptions to the requirement that a final judgment be entered prior to an appeal, we have found none that apply here. E.g., 28 U.S.C. § 1292 (certain interlocutory orders that may be appealed).

Hill acted prematurely by filing a notice of appeal from an order that was not the district court's final resolution of the case. The present appeal is dismissed for lack of jurisdiction. Nothing in today's decision prevents Hill from appealing a later final order by the district court.

IFP DENIED; APPEAL DISMISSED.