# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-60703
Summary Calendar

RICHARD EVANS

Plaintiff-Appellant

v.

DAVID GREUSCHOW

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 07-CV-18

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Richard Evans filed suit below against David Greuschow, his supervisor at the Coca Cola Bottling Plant in Laurel, Mississippi, and Dustyn Aultman, another defendant who is not otherwise identified and who apparently was not served with process, alleging violations of the Fifth, Eighth, and Fourteenth Amendments to the United States

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Constitution, as well as violations of 42 U.S.C. § 1981 and Title VII. The district court granted Greuschow's motion to dismiss under Fed. R. Civ. P. 12(b)(6). We affirm.

Evans' claims arise out of two incidents he alleges took place in the course of his employment. First, Evans alleges that on July 6, 2006 Greuschow asked Evans and a coworker why the work area was dirty and that when Evans tried to respond Greuschow told him to "shut up N___A." Second, Evans alleges that on January 7, 2007, Greuschow refused to provide Evans with help in loading a truck and told Evans he should do it himself.

We review the grant of a motion to dismiss *de novo,* construing all evidence in the light most favorable to the plaintiff. *Copeland v. Wasserstein, Parella & Co., Inc.*, 278 F.3d 472, 477 (5th Cir. 2002). Greuschow argues as a preliminary matter that because the district court's order did not address the claims against Aultman and did not specify that it was made under Fed. R. Civ. P. 54(b), it was not a final judgment and an appeal is premature. We have jurisdiction over final decisions of the district courts. 28 U.S.C. § 1921. A judgment is generally final only when it resolves all questions as to all parties and leaves a court with nothing to do but execute the judgment. *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 810 (5th Cir.1993).

Federal Rule of Civil Procedure 54(b), however, provides an exception, such that a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). We have held that a district court need not "mechanically recite the words 'no just reason for delay,'" *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir. 1990) (en banc), but the district court's intent to utilize 54(b) must be unmistakable and discernable from the order or from documents referenced in the order, *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170

F.3d 536, 539 (5th Cir. 1999). In this case, the judgment is styled a "Final Judgment of Dismissal Without Prejudice." Although simply calling an order a final judgment does not satisfy 54(b), *Briargrove*, 170 F.3d at 540, the district court in this case issued an order on the same date, in response to a motion by Evans for leave to appeal, holding that "the Motion for Leave to Appeal is moot. Mr. Evans has a right to appeal final judgment of this Court to the United States Court of Appeal for the Fifth Circuit. The order entered herein granting David Greuschow Motion to Dismiss [19] and the Judgment entered herein are final orders and are appealable." Thus the district court clearly intended the ruling on the Motion for Leave to Appeal to be part of the order dismissing the case ("order entered herein granting . . . and the Judgment entered herein") and considered the order dismissing the case to be a final appealable order. This satisfies the requirements of 54(b) and we thus have jurisdiction over this appeal.

Applying the liberal construction due *pro se* plaintiffs, *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008), Evans appears to assert on appeal, of his many claims below, only the Title VII claim, as well as new claims under 42 U.S.C. § 1981, and potentially a claim for harassment under the ADEA and state law claims for libel, slander and harassment.

Although pro se litigants are afforded liberal construction, they must brief arguments in order to preserve them. *Mapes*, 541 F.3d at 584. The § 1981 claim, ADEA claim, and state law claims were not raised in the district court and so we will not consider them on appeal. *Texas Commercial Energy v. TXU Energy, Inc.*, 413 F.3d 503, 510 (5th Cir. 2005). With respect to the Title VII claim, the district court was correct in holding that Title VII does not create individual liability for private employees and in finding that Evans had, in any case, not exhausted his administrative remedies under the statute. *See Grant v. Lone Star* Co., 21 F.3d

649, 651-53 (5th Cir. 1994); *Barnes v. Levitt*, 118 F.3d 404, 408-09 (5th Cir. 1997). For the foregoing reasons we AFFIRM.