# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30644

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2016

Lyle W. Cayce
Clerk

DAVID LEE HILL,

Plaintiff-Appellant

v.

HAI PHAN; UNKNOWN S.P.D. OFFICER; WILLIE SHAW; CHARLES REX
SCOTT; ALAN J. GOLDEN; STEVE PRATOR; JOHN D. MOSELY, JR.; MICHEAL
ENWRIGHT; GREGORY SCOTT BRADY; UNKNOWN DEFENDANT, White
Female Assistant District Attorney; CAPTAIN FARRIS; L. EATON; LEWIS, Law
Librarian; SERGEANT CRAFT; UNKNOWN MAIL CLERK; ROSS OWEN;
AMANDA SULLIVAN,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:13-CV-583

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

David Lee Hill, Louisiana prisoner # 42520, moves for leave to appeal in
forma pauperis (IFP) and to view two sealed documents. We "have jurisdiction
over appeals only from (1) a final decision under 28 U.S.C. § 1291; (2) a decision

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-30644

that is deemed final due to jurisprudential exception or that has been properly certified as final pursuant to FED. R. CIV. P. 54(b)" and certain interlocutory orders under 28 U.S.C. § 1292. *Askenase v. LivingWell, Inc.*, 981 F.2d 807, 809-10 (5th Cir. 1993). "When an action involves multiple parties, any decision that adjudicates the liability of fewer than all of the parties does not terminate the action and is therefore not appealable unless certified by the district judge under Rule 54(b)." *Id.* at 810.

The district court's order did not dispose of all of the claims or defendants in Hill's civil rights action. Nor is there any certification under Rule 54. Because there is no final and appealable judgment, the appeal is DISMISSED for lack of jurisdiction. *See id.* Accordingly, Hill's motion for IFP is DENIED. His motion to view sealed documents is also DENIED. Nonetheless, we note for Hill's benefit that one of the sealed documents is simply the district court's internal form indicating, without comment, that a report and recommendation was filed, and the other is Hill's own request for admissions and production of documents.

APPEAL DISMISSED; ALL MOTIONS DENIED