# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20781

United States Court of Appeals
Fifth Circuit

**FILED**
October 1, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

THE M/Y GALACTICA STAR , BEING A 65-METER MOTOR YAUGHT BUILT BY HEESEN SHIPYARDS WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER 9679830, AND REGISTERED UNDER THE LAWS AND FLAG OF THE CAYMAN ISLANDS AT; ANY AND ALL FUNDS, PROCEEDS, CASH, OR BENEFITS TO BE DISBURSED OR OTHERWISE OWING TO ONE57 79 INC., OR TO ITS SUCCESSORS OR ASSIGNS, OUT OF ANY SURPLUS FUNDS RESULTING FROM THE FORECLOSURE ACTION, TO; REAL PROPERTY LOCATED IN NEW YORK, N.Y., COMMONLY KNOWN AS 1049 FIFTH AVENUE, UNITS 11B AND 12B, NEW YORK, N.Y. 10032, AND ALL APPURTENANCES, IMPROVEMENTS, AND ATTACHMENTS LOCATED THEREON, AND ANY PRO; REAL PROPERTY LOCATED IN MONTECITO, CALIF., COMMONLY KNOWN AS 807 CIMA DEL MUNDO ROAD, MONTECITO, CALIF. 90077, AND ALL APPURTENANCES, IMPROVEMENTS, AND ATTACHMENTS LOCATED THEREON, AND ANY PROPERTY T; REAL PROPERTY LOCATED IN MONTECITO, CALIF., COMMONLY KNOWN AS 815 CIMA DEL MUNDO ROAD, MONTECITO, CALIF. 90077, AND ALL APPURTENANCES, IMPROVEMENTS, AND ATTACHMENTS LOCATED THEREON, AND ANY PROPERTY T; ALL RIGHTS AND INTERESTS HELD BY RIVERMOUNT INTERNATIONAL LTD., OR ITS AFFILIATES OR ASSIGNEES, IN THE SUBORDINATED CONVERTIBLE PROMISSORY NOTE EXECUTED BETWEEN CROSS HOLDINGS, INC., AND RIVERMOUNT IN,

Defendants

and

LIGHTRAY CAPITAL, L.L.C.,

Claimant - Appellant

No. 18-20781

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-2166

Before BARKSDALE, STEWART, and COSTA, Circuit Judges.

PER CURIAM:[*]

For this civil-forfeiture action, primarily at issue in this appeal is whether the district court judgment was issued pursuant to Federal Rule of Civil Procedure 54(b) (allowing appeal from a final judgment entered for "fewer than all" claims or parties in an action). In district court, the Government challenged LightRay Capital, L.L.C.'s—a corporate shareholder— standing to contest civil forfeiture. Concluding it was lacking, the court granted the Government's motion to strike and entered a "Final Judgment". Because no basis for appellate jurisdiction exists, LightRay's appeal is DISMISSED.

I.

From April 2010 until May 2015, Diezani Alison-Madueke served as Nigeria's Minister for Petroleum Resources. In that role, she oversaw Nigeria's state-owned oil company. The Government alleges that, while she was in office, various individuals engaged in an international conspiracy to obtain business opportunities from her in exchange for gifts and benefits. The Government further contends the scheme involved money laundering taking place in, and through, the United States. For purposes of this appeal, the relevant timeline spans from July 2017 through December 2018, after Alison-Madueke left office.

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-20781

On 14 July 2017, the Government filed an *in rem* complaint, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), seeking civil forfeiture of assets derived from the alleged conspiracy.  These assets include, *inter alia*:  (1) the M/Y GALACTICA STAR (a 65-meter motor yacht); (2) surplus funds from the foreclosure auction of real property located at 157 West 57th Street, Unit 79, New York, NY; (3) Units 11B and 12B of 1049 Fifth Avenue, New York, NY; (4) real property located at both 807 and 815 Cima del Mundo Road, Montecito, CA; and (5) all rights held by Rivermount International Ltd., or its affiliates or assignees, in a note executed between Cross Holdings, Inc., and Rivermount.

On 6 July 2017, shortly before the Government filed its complaint, LightRay was formed as a Florida L.L.C.  Four days later, LightRay acquired 100 percent of the stock in Earnshaw, a holding company that owned, either directly or through subsidiaries, all or portions of the assets at issue.  Also in July 2017, both LightRay and Earnshaw filed for bankruptcy. Both bankruptcies were later dismissed.

Seeking to contest the Government's asset-forfeiture action, LightRay filed a verified claim and statement of interest on 29 December 2017. Subsequently, the Government sought a protective order, requiring LightRay to maintain the M/Y GALACTICA STAR and bring it into United States' territorial waters.  The Government avoided acknowledging LightRay as the yacht's owner, stating it was uncertain Earnshaw's transfer to LightRay was "proper and valid" and addressing LightRay as "the purported corporate parent to and sole director of the [yacht's] owner".

In February 2018, LightRay assigned its interests in Unit 79 to Margaret Song, "[i]n consideration of ten dollars ($10.00) and other good and valuable consideration".  To avoid "protracted litigation" concerning the yacht, LightRay stipulated to the withdrawal of its claim to the M/Y GALACTICA, with

prejudice, on 9 May 2018; it also agreed, along with Earnshaw, not to oppose the yacht's civil forfeiture.

On 1 June 2018, the Government moved to strike LightRay from the action, pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions G(8)(c), claiming LightRay lacked Article III standing. The district court orally granted the Government's motion to strike at a hearing on 24 October 2018, and signed an order labeled "Final Judgment" on 19 November 2018; it was not entered until 28 November.

LightRay, however, filed its first notice of appeal on 23 November 2018 from the 24 October oral order, asserting appellate jurisdiction over this appeal was proper pursuant to the collateral-order doctrine and 28 U.S.C. § 1292(a)(3), which allows for interlocutory appeals in certain admiralty cases. But, also on that date, LightRay filed a motion for certification of final judgment pursuant to Rule 54(b).

In its motion, LightRay "maintain[ed] that appellate jurisdiction exists here under both 28 U.S.C. § 1292(a)(3) and the collateral order doctrine" but made its certification request "in an abundance of caution". LightRay also filed a proposed order granting the motion.

On 3 December 2018, LightRay filed an amended notice of appeal from the 19 November "Final Judgment", entered on 28 November. In the amended notice of appeal, LightRay stated erroneously that the district court's 19 November judgment was entered on the Government's motion to strike "and LightRay's Motion for Certification of Final Judgment under Rule 54(b) of the Federal Rules of Civil Procedure". LightRay asserted, in its amended notice, that appellate jurisdiction was proper as an "[a]ppeal as of [r]ight from Final Judgment under Rule 4 of the Federal Rules of Appellate Procedure", as well as pursuant to 28 U.S.C. § 1292(a)(3).

## II.

The primary issue on appeal is whether our court has appellate jurisdiction. In its 23 November 2018 notice of appeal from the 24 October oral order, LightRay provided 28 U.S.C. § 1292(a)(3) and the collateral-order doctrine as the bases for such jurisdiction. In its amended notice of appeal, however, LightRay stated the district court entered final judgment pursuant to Rule 54(b), going on to claim jurisdiction under Rule 4 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1292(a)(3). Moreover, in its briefing, LightRay nowhere mentioned Rule 54(b). It asserted, rather, jurisdiction was proper pursuant to 28 U.S.C. § 1291, as an appeal from a final judgment, and pursuant to 28 U.S.C. § 1292(a)(3). Although absent from its amended notice of appeal and its briefing, after our court questioned at oral argument whether appellate jurisdiction was proper, LightRay again asserted the collateral-order doctrine provided jurisdiction on appeal.

Surprisingly, the Government's brief agreed jurisdiction was proper, pursuant to 28 U.S.C. § 1291, as an appeal from a Rule 54(b) final judgment. At oral argument, after we questioned the finality of the district court's judgment, however, the Government, for the first time, admitted it "had not noticed the potential jurisdictional defect", stated "[the court] makes a good point with regard to Rule 54(b) that there actually may not be jurisdiction here", and that "[it] takes that point seriously". When questioned further about jurisdiction, the only points made by the Government were those prefaced by the phrases "as you pointed out" and "as you also point out". The Government did dispute at oral argument, however, that this case fell within the court's admiralty jurisdiction.

It goes without saying that "[o]ur court is one of limited jurisdiction". *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536,

538 (5th Cir. 1999). As such, "[w]e have authority to hear appeals only from 'final decisions' under 28 U.S.C. § 1291, interlocutory decisions under 28 U.S.C. § 1292, nonfinal judgments certified as final under . . . [Rule] 54(b), or some other nonfinal order or judgment to which an exception applies". *Id.* (citations omitted).

"[E]very federal appellate court has a special obligation to satisfy itself . . . of its own jurisdiction . . . even though the parties are prepared to concede it". *Escobar v. Montee*, 895 F.3d 387, 391 n.1 (5th Cir. 2018) (alteration in original) (internal quotation marks and citation omitted). Moreover, "appellant . . . bears the burden of establishing this court's appellate jurisdiction over its appeal". *Acoustic Sys., Inc. v. Wenger Corp.*, 207 F.3d 287, 289 (5th Cir. 2000) (citation omitted); *see* Fed. R. App. P. 28(a)(4)(B), (D). Despite the parties' assertions, in their briefs, that jurisdiction was proper, "federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties". *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (citation omitted).

## A.

"A decision is final when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 810 (5th Cir. 1993) (internal quotation marks and citation omitted). "When an action involves multiple parties, any decision that adjudicates the liability of fewer than all of the parties does not terminate the action and is therefore not appealable unless certified by the district judge under Rule 54(b)." *Id.* (citation omitted).

Because the judgment dismissed fewer-than-all of the parties to this action, whether judgment was entered pursuant to Rule 54(b) is crucial to establishing jurisdiction for this appeal on that basis. Rule 54(b) states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court *expressly determines* that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added).  District-court judgments frequently cite Rule 54(b) or mirror its language when they intend immediate appealability.  The "Final Judgment" at issue did neither.

Referencing Rule 54(b) or reciting its language is not, however, necessary before a judgment as to fewer-than-all claims or parties may be immediately appealed.

> If the language in the order appealed from, either independently or together with related portions of the record referred to in the order, reflects the district court's unmistakable intent to enter a partial final judgment under Rule 54(b), nothing else is required to make the order appealable.  We do not require the judge to mechanically recite the words "no just reason for delay."

*Kelly v. Lee's Old Fashioned Hamburgers, Inc. (Lee's Old Fashioned Hamburgers of New Orleans, Inc.)*, 908 F.2d 1218, 1220 (5th Cir. 1990) (en banc) (per curiam).

Elaborating on *Kelly*, our court held in *Briargrove*: "The intent must be *unmistakable*; the intent must appear from the order or from documents referenced in the order; we can look nowhere else to find such intent, nor can we speculate on the thought process of the district judge." *Briargrove*, 170 F.3d at 539 (emphasis in original).  Of particular importance to whether we have jurisdiction in this appeal, our court in *Briargrove* further held: "The fact that

7

the district court labeled its order as a 'Final Judgment' does not suffice to make that order appealable under Rule 54(b)". *Id.* at 540.

On 1 June 2018, the Government filed its motion to strike LightRay as a claimant. In doing so, the Government "request[ed] that Lightray's claim be stricken and Lightray be dismissed from this case". LightRay objected, and the Government replied, again requesting "LightRay's claim be stricken, LightRay be dismissed from this case, and LightRay's motion to amend be denied".

At a 24 October hearing on the matter, the district court ruled: "[T]he motion to strike is granted". Regarding that ruling, it signed the "Final Judgment" on 19 November 2018, entered on 28 November, which provided in its entirety: "Pending before the Court is the United States' Motion for Judgment on the Pleadings to Strike Putative Claimant LightRay Capital, LLC ("Motion") (Doc. No. 128). The Court hereby **GRANTS** the Motion."

On 23 November 2018, LightRay filed a notice of appeal; but it was from the 24 October oral ruling, not the "Final Judgment" signed on 19 November. Also on 23 November, LightRay filed a motion requesting the court enter final judgment as to LightRay under Rule 54(b). A proposed order granting the motion was filed on the same day. No action was taken on this motion.

On 3 December 2018, LightRay filed an amended notice of appeal— erroneously stating the appeal was based on the district court's final judgment "entered on November 19, 2018, on the United States' Motion for Judgment on the Pleadings to Strike Putative Claimant LightRay (Doc. No. 128) and LightRay's Motion for Certification of Final Judgment under Rule 54(b) of the Federal Rules of Civil Procedure (Doc. No. 152)". First, the judgment was not entered until 28 November. Second, while LightRay contends the final judgment was based partially on its motion for certification, this is obviously

impossible: LightRay had yet to file its motion prior to the district court's signing the "Final Judgment" on 19 November.

Despite LightRay's grossly misleading amended notice of appeal, the factual impossibility of a previously-signed judgment being predicated on an as-yet-unmade motion demands the conclusion that the district court did *not* base its judgment on LightRay's motion and proposed order, which would have evidenced an intent to certify the judgment as final pursuant to Rule 54(b). The record is clear that the opposite inference should be drawn from the district court's inaction on LightRay's motion for certification.

Although a "Final Judgment" was signed and entered in district court, it did not reference Rule 54(b), did not include any language taken from the rule, and did not express the sentiments contained within the rule. The only document referenced in the judgment was the Government's motion to strike, which did not mention Rule 54(b), the language of the rule, partial finality, or immediate appealability.

As noted, labeling an order "Final Judgment", without more, is not enough to render a judgment appealable under Rule 54(b). *Briargrove*, 170 F.3d at 540. Needless to say, despite the Government's concession in its briefing regarding jurisdiction under Rule 54(b), our court cannot act where jurisdiction is, in fact, lacking. Because the "Final Judgment", and the only document it referenced (the Government's motion to strike LightRay), are completely devoid of any indication the district court intended final judgment pursuant to Rule 54(b), the rule is inapplicable in this instance and, therefore, does not provide jurisdiction for our court.

## B.

In its two notices of appeal and its brief, LightRay contends this court has jurisdiction pursuant to 28 U.S.C. § 1292(a)(3), which states, in relevant

part: "the courts of appeals shall have jurisdiction of appeals from . . . [i]nterlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed". Although LightRay relinquished any claim to the M/Y GALACTICA STAR in its stipulation with the Government, prior to being stricken from this action, the statutory provision would not provide our court with jurisdiction over this appeal even if LightRay's claim to the yacht were live.

Exclusive jurisdiction is provided by 28 U.S.C. § 1333(1) to federal courts over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled". Pursuant to Federal Rule of Civil Procedure 9(h)(1), "[i]f a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading *may* designate the claim as an admiralty or maritime claim" (emphasis added). Along that line, "[t]o invoke the admiralty jurisdiction, a plaintiff must insert a statement in [its] pleading identifying the claim 'as an admiralty or maritime claim . . . .' Rule 9(h). Otherwise, . . . the special practice features for admiralty claims are not applicable". *Bodden v. Osgood*, 879 F.2d 184, 186 (5th Cir. 1989) (citation omitted).

As our court has noted, "[n]umerous and important consequences flow from whether a district court treats a case as falling under admiralty . . . jurisdiction". *T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 586 (5th Cir. 1983) (per curiam). Among these consequences are the applicability of special venue rules, "certain maritime remedies, such as maritime attachment and garnishment, actions in rem", and, as relevant to

this discussion, the availability of interlocutory appeals, pursuant to 28 U.S.C. § 1292(a)(3).  *Id.* at 587 (citation omitted).

Where dual bases of federal jurisdiction exist, "[t]he plaintiff may elect to have a suit treated as either a diversity or admiralty suit, each option having advantages and disadvantages".  *Id.*  Similarly, where jurisdiction is proper under 28 U.S.C. § 1333 or some other statute, the Government, as plaintiff, may, in its discretion, elect how to proceed.  *See* Fed. R. Civ. P. 9(h)(1).

Because the Government sought forfeiture of the M/Y GALACTICA, it had the option to proceed in admiralty, at least with regard to the yacht, pursuant to 28 U.S.C. § 1333.  Instead, the Government chose to file suit pursuant to 18 U.S.C. §§ 981 (civil forfeiture) and 983 (general rules for civil forfeiture), asserting federal jurisdiction pursuant to 28 U.S.C. §§ 1345 (United States as plaintiff) and 1355(a) (fine, penalty, or forfeiture).

At no point in its complaint did the Government assert jurisdiction based on admiralty.  Simply put, this case is not, and never was, an admiralty action. Accordingly, jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(3) is lacking.

C.

Again, although we must be satisfied with jurisdiction, including reaching the issue *sua sponte*, if necessary, on appeal, the appellant has the burden of establishing it.  *See Escobar*, 895 F.3d at 391 n.1 (internal quotation marks and citation omitted); *Acoustic Sys., Inc.*, 207 F.3d at 289 (citation omitted).  In its 23 November 2018 notice of appeal, LightRay presented the collateral-order doctrine as the second basis for jurisdiction.  In its 3 December 2018 amended notice of appeal, however, LightRay does not rely on it as a basis for jurisdiction.  Nor did LightRay present it as a basis in its required

statement of jurisdiction in its opening brief on appeal. *See* Fed. R. App. P. 28(a)(4)(B), (D).

As is well known, the collateral-order doctrine applies to "that small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated". *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). The Supreme Court later reiterated the doctrine applies only to the "small category of decisions that, although they do not end the litigation, must nonetheless be considered 'final.' That small category includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action". *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 42 (1995) (citations omitted).

1.

In addition to not asserting the collateral-order doctrine as a basis for jurisdiction in its amended notice of appeal or its briefing, when asked about the doctrine at oral argument, LightRay developed no position on it. Specifically, when the court asked whether LightRay would concede it would be able to assert its position on appeal from a full final judgment after all claims are decided, LightRay stated it was not conceding that; rather, it was just "stating all the bases". LightRay then abandoned discussion of the doctrine and began addressing the Government's contentions. Accordingly, we need not address the collateral-order doctrine as a jurisdictional basis for this appeal.

2.

As noted, LightRay does not mention that doctrine in its amended notice of appeal (after having relied on it in part in its original notice of appeal) or its brief.  Assuming *arguendo* LightRay, on rebuttal at oral argument, advanced the doctrine as a basis for jurisdiction, issues raised for the first time at oral argument are generally waived.  *E.g.*, *United States v. Bigelow*, 462 F.3d 378, 383 (5th Cir. 2006) (citation omitted).  Nevertheless, this possible basis for jurisdiction is considered as part of our *sua sponte* analysis, determining jurisdiction *vel non*.   The collateral-order doctrine does not provide a basis for appellate jurisdiction in this instance.

While the collateral-order doctrine will necessarily allow some appeals, otherwise impermissible under 28 U.S.C. § 1291, the doctrine is a "narrow exception", *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) (internal quotation marks and citation omitted), "selective in its membership".  *Will v. Hallock*, 546 U.S. 345, 350 (2006).  In deciding whether the application of the doctrine is warranted, "[t]hat a ruling may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final district court judgment . . . has never sufficed".  *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009) (internal quotation marks and citation omitted).

In its briefing, and at oral argument, LightRay contended its ability to assert the innocent-owner defense would be lost, should our court fail to restore LightRay to the case.  Construing LightRay's position generously, it could be understood to assert the loss of this defense satisfies the elements required for the collateral-order doctrine to provide appellate jurisdiction now, rather than after a final judgment is entered when no claims by any party remain to be decided.

No. 18-20781

On appeal from such a final judgment, while LightRay may not be able to assert this defense in order to recover the property itself, LightRay may still assert an innocent-owner defense. If it is successful on such an appeal, the district court, on remand, may then decide the claim. This remedy brings LightRay's claims within the category of those claims "imperfectly reparable" by appellate review rather than irreparable entirely. Because requiring finality before allowing LightRay's appeal would not "imperil a substantial public interest" or "some particular value of a high order", *Will*, 546 U.S. at 352–53, and because this appeal implicates none of the relevant *Cohen* considerations, our court lacks jurisdiction pursuant to the collateral-order doctrine.

### III.

For the foregoing reasons, this appeal is **DISMISSED** for lack of jurisdiction.

14