# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-20138

United States Court of Appeals
Fifth Circuit

**FILED**
December 4, 2019

Lyle W. Cayce
Clerk

LAWRENCE C. WILLIAMS,

Plaintiff-Appellant

v.

CALVIN WELLER; CURTIS D. BRIDGES, JR.; CHARLES H. LANDIS; MICHAEL C. WONDERLUCH; JAMES S. COLEMAN; KATE M. BUCKMASTER; TAYLOR J. GREEDES; HENRY S. VICKERS; KAYANA N. BRANFORD; TAWARDRAS BARFIELD; DWIGHT D. SUMMERVILLE; CORNELLIUS R. DICKEY; MISTY COCKERHAM-WILLIAMS; EULA C. ENGLISH; TELIFERIO WILLIAMS, JR.; DALE SANCHEZ; ERIS S. VASQUEZ; KIMBERLY K. STRIBLIN; SALVADOR VILLANUEVA; TREVOR A. PAYNE; JOHN-MICHAEL K. PRICE; KENTRIUS L. LOCKHART; DELORES S. WASHINGTON; ELIZABETH NGASSA; MARK ROBERT; JOHN D. DUNN,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-3905

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20138

Lawrence C. Williams, Texas prisoner # 2019403, filed a civil rights action in which he alleged that prison officials poisoned him, posted an inappropriate video of him on social media, retaliated against him, subjected him to hazardous environmental conditions, denied him adequate medical care, denied his grievances, and interfered with his mail. Williams moves for leave to appeal in forma pauperis (IFP) from the district court's order granting, in part, the defendants' motion for summary judgment and denying several of his pre-trial motions, including motions for the appointment of counsel and a preliminary injunction. The district court denied Williams leave to appeal IFP, certifying that the appeal is not in good faith.

By moving to appeal IFP, Williams challenges the certification that his appeal is not in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore [is] not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss an appeal "when it is apparent that an appeal would be meritless." *Baugh*, 117 F.3d at 202 & n.24; *see* 5TH CIR. R. 42.2.

At best, we have appellate jurisdiction only over the denial of Williams's motions to appoint counsel and for a preliminary injunction. *See Robbins v. Maggio*, 750 F.2d 405, 413 (5th Cir. 1985); *see also Lakedreams v. Taylor*, 932 F.2d 1103, 1106-07 (5th Cir. 1991). The remaining motions are not appealable. *Cf. Askanase v. LivingWell, Inc.*, 981 F.2d 807, 809-10 (5th Cir. 1993) (discussing what orders are appealable). But in any event, Williams fails to identify any nonfrivolous issue for appeal, and he does not address the district court's reasons for denying his motions.

Accordingly, the IFP motion is DENIED. *See Baugh*, 117 F.3d at 202. In addition, the appeal is DISMISSED as frivolous in part and for lack of jurisdiction in part. *See id.* at 202 n.24; *Howard*, 707 F.2d at 220; 5TH CIR.

R. 42.2.  Williams's motions for remand and a stay or injunction pending appeal are likewise DENIED.