# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2021

Lyle W. Cayce
Clerk

No. 20-50642

United States of America,

*Plaintiff—Appellee*,

*versus*

Julio Cardenas,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-151-1

Before Dennis, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Julio Cardenas, federal prisoner # 38417-180, has appealed from the district court's denial of his motion for appointment of counsel to assist with a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He has moved this court for the appointment of counsel. Also, he moves this court for compassionate release.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50642

We must examine the basis of our jurisdiction, sua sponte, if needed. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). We only have jurisdiction over an appeal from (1) a decision that is final under 28 U.S.C. § 1291; (2) a decision that is deemed final due to a jurisprudential exception or that has been properly certified as final under Federal Rule of Civil Procedure 54(b); and (3) interlocutory orders that are of the type noted in 28 U.S.C. § 1292(a), or that have been certified for appeal by the district court in accordance with 28 U.S.C. § 1292(b). *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 809-10 (5th Cir. 1993).

The order denying Cardenas's motion to appoint counsel is not a final order, *see Askanase*, 981 F.2d at 810, and does not fall within any of the classes set forth in § 1292(a), *see* § 1292(a). Further, the district court did not certify the decision for appeal under Rule 54(b) or § 1292(b). *See* Fed. R. Civ. P. 54(b); § 1292(b). The order also is not appealable under the collateral order doctrine. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978); *see also Flanagan v. United States*, 465 U.S. 259, 260 (1984); *accord Williams v. Catoe*, 946 F.3d 278, 279-81 (5th Cir. 2020) (en banc). Therefore, we lack jurisdiction to consider Cardenas's instant appeal from the district court's order denying his motion for appointment of counsel. *See Askanase*, 981 F.2d at 810.

Cardenas cites no authority, statutory or otherwise, by which an appellate court may reduce a federal prisoner's sentence in the first instance under these circumstances, and we are aware of none. Thus, his motion for a compassionate release is unavailing. We express no opinion on the merits of his motion for compassionate release pursuant to § 3582(c)(1)(A) that is pending in the district court.

2

No. 20-50642

Accordingly, we DISMISS the appeal for want of jurisdiction. The motion for appointment of counsel is DENIED as moot. The motion for compassionate release likewise is DENIED.