# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 23, 2022

Lyle W. Cayce
Clerk

No. 21-30539

Steve E. Bodine,

*Petitioner—Appellant*,

*versus*

State of Louisiana,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:19-CV-955

Before Smith, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Steve E. Bodine, Louisiana prisoner # 701899, was convicted by a jury of aggravated rape. He filed the instant 28 U.S.C. § 2254 habeas application to challenge the aggravated rape conviction and his sentence of life imprisonment, raising several claims. After the magistrate judge (MJ) determined that not all of Bodine's claims were exhausted, the § 2254

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

application was held in abeyance, and Bodine was permitted to return to state court to attempt to exhaust his claims.

Following Bodine's state court litigation, the MJ determined that Bodine's claim that his appellate counsel failed to communicate with him and failed to review the entire record was procedurally defaulted, and she recommended that the claim be dismissed. The district court issued a judgment dismissing that claim. The court did not address any of Bodine's remaining claims. Bodine appealed that judgment, and he now moves this court for a certificate of appealability (COA).

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). The judgment that Bodine seeks to challenge does not address all of his claims and therefore is not a final judgment; nor is there any indication that the district court intended for the judgment to be immediately appealable. Accordingly, we lack jurisdiction to review this judgment. *See Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters.*, 170 F.3d 536, 538 (5th Cir. 1999); *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 810 (5th Cir. 1993); Fed. R. Civ. P. 54(b).

It is ORDERED that this appeal be DISMISSED FOR WANT OF JURISDICTION. Bodine's COA motion is DENIED AS MOOT.